**SUNBEAM APPLIANCE COMPANY, a Division of the Sunbeam Corporation, Plaintiff,**

v.

**INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, DISTRICT NO. 8, AFL–CIO, Defendant.**

No. 80 C 4769.

United States District Court,
N. D. Illinois, E. D.

April 2, 1981.

Howard L. Bernstein, Pope, Ballard, Shepard & Fowle, Chicago, Ill., for plaintiff.

William A. Widmer III, Carmel, Charone & Widmer, Ltd., Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

This cause comes before the court on the cross-motions of the parties for summary judgment. Rule 56(a) & (b), Fed.R.Civ.P. In that it involves review of an arbitrator's decision, subject matter jurisdiction over the cause properly lies pursuant to § 301(a) of the Labor-Management Relations Act, as amended, 29 U.S.C. § 185(a), 9 U.S.C. § 10, and 28 U.S.C. § 2201. For the reasons hereinafter stated, the plaintiff's motion for summary judgment will be granted, and that of the defendant denied.

The matter at bar is an action for review of an arbitrator's determination regarding the arbitrability of a vacation pay dispute.[1]

1. Sunbeam and the Union are parties to a collective bargaining agreement which requires unsettled grievances to be submitted to binding and final arbitration. On January 26, 1978, an arbitrator issued an award dealing with certain vacation pay entitlements of four retirees who, through the Union, had filed a grievance to recover such vacation pay from Sunbeam. On February 10, 1978, the Union filed another grievance on behalf of all retirees in 1977 and 1978 who were awaiting the outcome of the prior arbitration. By this grievance, the Union sought to have the vacation pay award of the previous arbitration extended to 1977 and 1978 retirees. Sunbeam's third-step answer, dated March 17, 1978, denied this grievance, asserting that the original award did not apply to the 1977 or 1978 retirees.

Article IX, Section 9.3 of the collective bargaining agreement imposes upon an aggrieved party a duty to file a written demand for arbitration within ten days of the company's third-step answer. As concerns the grievance under discussion, however, the Union did not, within ten days of Sunbeam's third-step answer, demand arbitration. Rather, two days after the company's answer was filed, the Union sent Sunbeam a letter requesting that the grievance regarding the issue of vacation pay for 1977 and 1978 retirees be held in abeyance until the Union determined the course of action it would follow.

On May 9, 1978, the Union filed an unfair labor practice charge with the National Labor Relations Board. One month later, the Board dismissed that charge and refused to issue a complaint. The Union then proceeded to the United States District Court where, on July 25, 1978, it filed a "Complaint for Enforcement of Arbitration Award and for Declaratory Judgment of Rights under Award." This action was dismissed by Judge Stanley J. Roszkowski, on September 26, 1979, for lack of subject matter jurisdiction. Judge Roszkowski did, however, direct that the grievance be submitted to arbitration under the terms of the collective bargaining agreement.

On November 13, 1979, 48 days after the district court entered judgment, the Union finally notified Sunbeam that it wished to arbitrate the vacation pay issue. In a letter dated November 28, 1979, Sunbeam advised the Union that, in its opinion, the grievance was not arbitrable. The Union then filed a demand for arbitration with the American Arbitration Association, and Sunbeam, arguing that the Union's failure to meet the express ten day time limit precluded arbitration, advised the Association that the sole issue to be arbitrated was the arbitrability

The plaintiff, the Sunbeam Appliance Company [Sunbeam], contends that the arbitrator's finding of arbitrability must be vacated because it ignores an express requirement in the collective bargaining agreement in effect between the parties that arbitration be invoked within ten days of the company's third-step written decision on a grievance. The defendant, District 8 of the International Association of Machinists and Aerospace Workers, AFL–CIO [the Union], the labor organization representing workers employed by Sunbeam, in rebutting the plaintiff's contentions argues that the arbitrator did recognize the agreement's ten day arbitration requirement, but after considering the parties' past conduct, together with Sunbeam's failure to object to the Union's request for abeyance of the ten day time limit, properly concluded that Sunbeam had acquiesced to that abeyance. Thus, the Union submits, as the arbitrator's finding was based upon a permissible interpretation of the collective bargaining agreement, his determination of arbitrability must be upheld.

■ Judicial review of an arbitrator's determination is limited to the question of whether the award "draws its essence from the collective bargaining agreement." *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). As a rule, it is only when there has been a manifest disregard of the agreement, totally unsupported by principles of contract construction, that a court may disturb an arbitrator's decision. *Ludwig Honold Manufacturing Co. v. Fletcher*, 405 F.2d 1123, 1128 (3d Cir. 1969).

■ In the matter at bar, the arbitrator's finding that Sunbeam had initially acquiesced to abeyance of the ten day limit expressly provided by the collective bargaining agreement was based upon a record showing that the parties had, in the past, regularly allowed for extensions of that time limit. Because an arbitrator is permitted to find that compliance with the express terms of a labor contract has been excused "in light of the practice of the shop," *Yellow Cab Co. v. Democratic Union Organizing Committee, Local 777*, 398 F.2d 735, 737 (7th Cir. 1968), *cert. denied*, 393 U.S. 1015, 89 S.Ct. 619, 21 L.Ed.2d 561 (1969), the arbitrator's finding in this cause, that Sunbeam had acquiesced to abeyance of the time limit while the Union determined which course of action it would take, thus was permissible to the extent that it was based upon the parties' past practices. This acquiescence by Sunbeam, though, only excused the Union from complying with the time limit until it had determined its course of action. In this regard, since Sunbeam had, at best, merely acquiesced to abeyance while the Union determined the course of action it would follow, it cannot reasonably be said that the company completely waived its right to assert the timeliness defense.

■ The company's acquiescence also would necessarily have ended when Judge Roszkowski ordered the vacation pay dispute submitted to arbitration. This is so because Judge Roszkowski's Order clarified any uncertainties regarding the Union's next course of action, and accordingly obviated the Union's reasons for requesting abeyance.

■ The arbitrator, it must be noted, found that Sunbeam's conduct after entry of the district court's Order indicated acquiescence to further abeyance. The only reason he offered for this conclusion, however, was that the extended acquiescence was implied by Sunbeam's failure to notify the Union that it intended to invoke the ten day time limit. This rationale, though, totally ignores Article IX, Section 9.3–3 of the collective bargaining agreement, which provides that the Union's demand to invoke

of the grievance dated February 10, 1978. On April 25, 1980, an arbitration hearing was held

to decide this arbitrability issue.

arbitration is a procedural prerequisite to Sunbeam's assertion of the timeliness defense.

Whereas in regard to the period before the district court's decision the arbitrator's acquiescence finding was derived, as is permissible, from shop practice, his conclusions after the district court's decision rest solely upon a premise which is obviously in conflict with the express terms of the collective bargaining agreement. That being true, as the grounds upon which Sunbeam's acquiescence was found to lie were contrary to the company's bargaining agreement, it cannot be said that the arbitrator's decision drew its essence from that agreement. *United Steelworkers of America v. Enterprise Wheel & Car Corp., Local 777, supra* 363 U.S. at 597–98, 80 S.Ct. at 1361; *Yellow Cab Co. v. Democratic Union Organizing Committee, Local 777, supra* at 737. Accordingly, since the arbitrator was without authority to modify or disregard express provisions of the collective bargaining, his determination that the vacation dispute at issue was arbitrable must be vacated. *Detroit Coal Co. v. International Association of Machinists & Aerospace Workers, Lodge No. 82,* 594 F.2d 575 (6th Cir. 1979); 9 U.S.C. § 10(d) (1976).

The unique procedural circumstances which required vacation of the aforementioned arbitrability decision also make it necessary for this court to determine the present status of the parties' claims. As to this point, though, a fair reading of Judge Roszkowski's dismissal Order directing that the vacation pay controversy be submitted to binding arbitration indicates that Sunbeam's acquiescence to abeyance ended on September 26, 1979, when that Order became final. That being true, it was incumbent upon the Union to, if it desired to do so within the limitation provided in the collective bargaining agreement, invoke arbitration within ten days of the date of Judge Roszkowski's Order becoming final.

The Union, however, did not attempt to invoke arbitration until 48 days after the district court entered its judgment. Thus, even if the time-limit provision at issue is given the most liberal construction possible, in this case allowing thirty days for leave to appeal Judge Roszkowski's decision in addition to the ten days provided in the agreement, the Union's attempt to invoke arbitration on November 13, 1979 was untimely. As that is true, because Sunbeam chose to invoke the time limitation requirement, the Union must be considered barred from arbitrating the grievance it filed on February 10, 1978.

## CONCLUSION

For the reasons stated above, plaintiff Sunbeam's motion for summary judgment is GRANTED, the Union's motion for summary judgment is DENIED, and the arbitrator's finding is ordered vacated.

IT IS SO ORDERED.