A.O. SMITH CORPORATION, Plaintiff,

v.

SMITH STEEL WORKERS DIRECTLY AFFILIATED LOCAL UNION 19806, A.F.L.–C.I.O., Defendant.

Civ. A. No. 83–C–378.

United States District Court, E.D. Wisconsin.

Dec. 14, 1983.

Herbert P. Wiedemann, Foley & Lardner, Milwaukee, Wis., for plaintiff.

Kenneth R. Loebel, Habush, Habush & Davis, S.C., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action to set aside an award rendered in a labor arbitration proceeding. The court has jurisdiction pursuant to 29 U.S.C. § 185(a).

Plaintiff A.O. Smith Corporation (hereafter "the Employer") contends that the arbitration board exceeded its contractual authority when it allowed a grievance and determined that an employee's reinstatement agreement had terminated. Defendant Smith Steel Workers Directly Affiliated Local Union 19806, A.F.L.–C.I.O. (hereafter "the Union") has counterclaimed for an order enforcing the award, alleging that at all times since the award was issued, the Employer has failed to comply with its terms. The parties have moved for summary judgment. Defendant's motion will prevail; plaintiff's motion is denied.

The facts are not in dispute. On June 30, 1976, Mr. David Jones, an employee of A.O. Smith Corporation, was discharged for directing abusive language at and physically assaulting a fellow employee. He filed a grievance pursuant to the procedure established by the parties' collective bargaining agreement and was reinstated pursuant to a written Reinstatement Agreement dated October 1, 1976. The Reinstatement Agreement provided, *inter alia*, that Mr. Jones "... will not be allowed to work on any job or assignment on which there is no immediate, direct supervision." This Reinstatement Agreement was entered into during the term of, and became part of, the parties' 1974–1977 collective bargaining agreement. It did not contain an expiration date.

The supervision requirement subsequently prompted Mr. Jones to file two more grievances. In August 1979, the parties settled both grievances by amending the Reinstatement Agreement. The amendment was tailored to resolve the specific problem the supervision requirement posed in the circumstances; it did not dispense with the requirement of direct, immediate supervision over the grievant. This amendment was made during the term of the parties' 1977–1980 collective bargaining agreement. It did not contain an expiration date.

In October 1980, Mr. Jones filed yet another grievance in which he sought to be trained for the position of telecontrol clerk. The Employer denied the grievance because Mr. Jones would have been unable to perform all the requisite tasks and remain at all times under direct and immediate supervision. The denial was appealed to arbitration but was subsequently settled.

In the meantime, in April 1981, Mr. Jones filed the grievance that forms the basis of this lawsuit. In this grievance, Mr. Jones sought to have the supervision requirement deleted altogether from the Reinstatement Agreement. The Employer denied the grievance, and the Union appealed the matter to arbitration.

A five-member Board of Arbitration (hereafter "the Board"), consisting of an impartial chairman and two representatives of each party, was established to entertain the merits of the dispute. A hearing was conducted on September 17, 1982, at which both parties were given an opportunity to present evidence and to argue in support of their positions. Both parties filed post-hearing briefs.

The Board issued its decision and award on January 15, 1983. First, the Board adopted the Union's statement of the issue which read: "What disposition should be made of ... [the April 1981 grievance] under the Labor Contract ...?" It thus rejected the Company's proffered statement of the issue which read: "Does the Arbitrator [Board of Arbitration] have jurisdiction and authority to modify the Agreement dated October 1, 1976 as amended August 6, 1979?" However, the Board did not neglect the issue of its authority under the collective bargaining agreement because it parceled its inquiry into four subparts, to wit: (1) what was the scope of its authority with respect to the Reinstatement Agreement; (2) if it had the authority to scrutinize the Reinstatement Agreement, what was the parties' intent concerning the effective life of that agreement; (3) if the Union's contention that the Reinstatement Agreement was to endure for a reasonable period was correct, had a reasonable period passed; and (4) if a reasonable period had passed, had the employer violated Mr. Jones' contractual seniority rights. A majority of the Board concluded that it had the power to scrutinize the Reinstatement Agreement, that the agreement was intended to endure for a reasonable period of time, that a reasonable period had elapsed, and that the Employer had prevented Mr. Jones from exercising the full seniority rights that he held. Over the dissent of the two company representatives, the Board sustained the grievance, held that the Reinstatement Agreement had expired, and ordered that Mr. Jones be made whole for losses incurred beginning April 3, 1981, as a consequence of the re-

strictions the Reinstatement Agreement imposed on his seniority rights.

The Employer's primary contention before the Court is that the Board had no power to modify the Reinstatement Agreement. Under Step 5 of the adjustment procedure established in the parties' collective bargaining agreement:

The Board of Arbitration shall render a decision which shall be final and binding on the parties and which shall be within the scope and terms of this Contract. *Under no circumstances shall the Board of Arbitration's decision modify or change this Contract.* (Emphasis added.)

The Employer contends that because the Reinstatement Agreement became part of the collective bargaining agreement, and because the Reinstatement Agreement bore no expiration date of its own, it could only expire when the collective bargaining agreement terminated in its entirety. Because the collective bargaining agreement in force at the time of the arbitration proceeding was to expire on July 31, 1983, so the argument goes, the Reinstatement Agreement would have to remain in force until that time. By imposing a separate expiration date on the Reinstatement Agreement, the Employer concludes, the Board modified the collective bargaining agreement in flagrant disregard of the contractual constraints on its power.

For its part, the Union argues that the Employer's contentions address the "intrinsic merits" of the Board's decision and are thus improper subjects for judicial review. The Union argues that the Board had jurisdiction over the dispute, that the award draws its essence from the collective bargaining agreement, and that the Employer should not now be permitted to argue that the Reinstatement Agreement could not be modified.

■ My review of the arbitral award is strictly confined. If the Board had jurisdiction over this dispute, I shall not set the award aside if it draws its essence from the collective bargaining agreement, and the arbitrator's words manifest fidelity to his contractual obligation. *United States Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). The award shall stand even if it appears that the arbitrator has committed an error of fact or law in interpreting the collective bargaining agreement. *Local No. P–1236, Amalgamated Meat Cutters v. Jones Dairy Farm,* 680 F.2d 1142 (7th Cir.1982) (*dicta*).

■ It is not wholly accurate to characterize the Employer's contentions as addressing only the intrinsic merits of the award. The thrust of the Employer's argument is that the award does not manifest fidelity to the collective bargaining agreement because the Board exceeded its authority under Step 5 of the adjustment procedure by modifying the collective bargaining agreement. The question of whether an arbitral board has exceeded its power is, of course, an appropriate subject for judicial inquiry. See, *e.g., International Brotherhood of Electrical Workers Local Union No. 278 v. Jetero Corporation,* 496 F.2d 661 (5th Cir.1974). This inquiry does not necessarily require an exhaustive review of the merits of the arbitrator's decision. The Board in the present case decided issues both jurisdictional and substantive. The Employer challenges the Board's resolution of the former, and thus the issue before me is whether the Board modified the collective bargaining agreement in excess of its authority when it concluded that the Reinstatement Agreement was intended to endure for a reasonable period and that this period had elapsed.

■ I resolve this issue in the Union's favor because I find that the Board did not change or modify the collective bargaining agreement. The Employer's argument assumes that a contract is changed or modified whenever an ambiguous provision is interpreted. The assumption is unfounded.

■ Of course, if the collective bargaining agreement had been clear and unambiguous, and the Board had rendered an interpretation that squarely contradicted the express contractual language, then

there would be grounds for holding that the Board exceeded its authority. "The arbitrator is confined to the interpretation and application of the collective bargaining agreement, and although he may construe ambiguous contract language, he is without authority to disregard or modify plain and unambiguous provisions." *Detroit Coil Co. v. International Association of Machinists, Aerospace Workers, Lodge No. 82,* 594 F.2d 575, 579 (6th Cir.), *cert. denied,* 444 U.S. 840, 100 S.Ct. 79, 62 L.Ed.2d 52 (1979). *See also Torrington Co. v. Metal Products Workers Union Local 1645, UAW, AFL–CIO,* 362 F.2d 677 (2d Cir.1966).

Here, however, the Board was convened for the purpose of resolving an ambiguity; that is, whether the Reinstatement Agreement was to last indefinitely or for a reasonable period. The agreement was reasonably susceptible of various interpretations, whether viewed independently or in the context of the collective bargaining agreement.\* Thus, by interpreting the Reinstatement Agreement as enduring for a reasonable period of time, the Board did not change or modify clear contractual language. Instead, it construed an ambiguous provision to reflect what it perceived to be the parties' intent. To do so was within its authority.

 Having decided that the Board acted within its authority, I reject the Employer's specific contention that the Reinstatement Agreement expired with the remainder of the collective bargaining agreement on July 31, 1983. As the Union correctly argues, this contention goes to the merits of the Board's decision. It is but one possible interpretation of an ambiguous agreement, and because of the constraints on my power to review the Board's substantive decision, I do not have the occasion or authority to rule on it. The Board has rendered its decision and award, and I hold that it did so within the scope of its authority. The inquiry ends here.

---

\* I reach this conclusion independently of the Board's ratiocinations, because it is a necessary

THEREFORE, IT IS ORDERED that the plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that the defendant's motion for summary judgment is granted.

IT IS FURTHER ORDERED that plaintiff A.O. Smith Corporation shall comply with the arbitration award issued on January 15, 1983.

adjunct to my determination that the Board did not alter an unambiguous agreement.