**DISTRICT NO. 72 AND LOCAL LODGE 1127, INTERNATIONAL ASSOCIATION OF MACHINISTS & AEROSPACE WORKERS, AFL–CIO, Plaintiffs,**

**v.**

**TETER TOOL & DIE, INC., Defendant.**

**Cause No. S85–136.**

United States District Court,
N.D. Indiana,
South Bend Division.

Feb. 24, 1986.

David Mathews, Chicago, Ill., John Doran, South Bend, Ind., for plaintiffs.

F. Joseph Jaskowiak, J. Charles Sheerin, Valparaiso, Ind., for defendant.

## MEMORANDUM AND ORDER

MILLER, District Judge.

### I. Introduction; Jurisdiction

This matter is before the court on cross-motions for summary judgment. Plaintiffs, District No. 72 and Local Lodge 1127 of the International Association of Machinists and Aerospace Workers, AFL–CIO (hereinafter referred to as simply "the union") filed a motion for summary judgment on July 26, 1985. Defendant Teter Tool and Die, Inc., (hereinafter referred to as "Teter Tool") filed a motion for summary judgment on September 3, 1985. The parties have fully briefed both motions.

The union filed a claim under section 301 of the Labor Management Relations Act, 29 U.S.C. 185 (1978), for vacation of an arbitration award under a collective bargaining agreement. 28 U.S.C. 1331 (Supp. 1985) vests this court with jurisdiction over the federal question raised by the complaint.

### II. Facts of the Case

The parties do not dispute the facts pertinent to these motions. The dispute arose from a collective bargaining agreement entered into in 1981. Article XI, Section 1 of the agreement provides,

> Employees in the bargaining unit covered by this agreement and who are on the Employer's payroll on May 11th of the vacation year, the eligibility date for vacations and vacation pay, and who have continuous length of service as below stated, shall receive vacations and vacation pay in accordance with the following schedule:

| Length of Service | Vacation Days |
| --- | --- |
| One (1) to three (3) years | Five (5) days |
| Three (3) years or more | Ten (10) days |

The union interprets this provision as entitling all workers who had reached their third anniversary date of employment to ten (10) vacation days. Teter Tool interprets this provision as entitling only workers who had reached their third anniversary date of employment *after the agreement had been entered* to the ten (10) day period. Under Teter Tool's interpretation, no workers would be entitled to the ten vacation day provision because the agreement was to last for only three years.

The union filed a grievance on this matter, which Teter Tool denied. The parties

submitted the grievance to binding arbitration, pursuant to the grievance procedure provided for in Article V of the Collective Bargaining Agreement. This article empowered the arbitrator to resolve the dispute by interpreting the agreement. The only limits on the arbitrator's authority were that he could not add to, subtract from, modify, change, or alter any of the agreement's provisions.

The arbitrator held a hearing in which he heard the arguments of both parties and testimony by the negotiators of the collective bargaining agreement regarding the parties' intent at the time of contracting. In a written opinion, the arbitrator found that the vacation provision unambiguously applies to all employees with three years of seniority, as the union claimed. The arbitrator also found that the parties' negotiations were "particularly material" to this dispute and that the negotiations clearly showed that Teter Tool had not intended to agree to such a broad entitlement of vacation time. The arbitrator found that the negotiators had intended the provision to have no application in the current contract period. The provision was inserted, the arbitrator found, for the sole purpose of providing the union with a selling point to obtain the agreement's ratification by the union membership, as the added vacation time would be a term of the next collective bargaining agreement. Based on these findings, the arbitrator denied the union grievance.

The union filed the present suit to vacate the arbitration award. Teter Tool filed a cross-complaint for enforcement of the award and attorney fees. The matter is now before the court on cross-motions for summary judgment.

### III. Parties' Contentions

The union contends that the arbitrator acted without authority when he disregarded the agreement's · express provisions. The union cites several arbitration decisions for the proposition that the arbitrator should adhere to the parol evidence rule. The arbitrator expressly found the agreement unambiguous, yet refused to interpret the provision by its plain meaning. Thus, the union contends, the arbitrator rewrote the provision in violation of the grievance clause, and his decision should be vacated.

Teter Tool responds that the award draws its essence from the agreement and so should be upheld. Teter Tool argues that the parol evidence rule does not apply to arbitrators, and that, even if it did, the union waived its right to raise it. Teter Tool argues that since the arbitrator properly was empowered to hear the dispute, his decision should be upheld without further inquiry.

### IV. Summary Judgment Standard

Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is proper only when the pleadings, the depositions, the answers to interrogatories, the admissions on file, and the affidavits, if any, establish that (1) no genuine issue exists as to any material fact and (2) the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Munson v. Friske*, 754 F.2d 683, 690 (7th Cir.1985). The moving party bears the burden of proving both elements, *Brown University v. Kirsch*, 757 F.2d 124 (7th Cir.1985), and the court must resolve any reasonable doubts in the inquiry against the movant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Mintz v. Mathers Fund, Inc.*, 463 F.2d 495 (7th Cir.1972). Although cross-motions for summary judgment do not necessarily show that no genuine issues of material fact exist, *United States v. Bryum*, 408 U.S. 125, 92 S.Ct. 2382, 33 L.Ed.2d 238 (1972); *Allen Beneficial Finance Co.*, 393 F.Supp. 1382 (N.D.Ind. 1975), the resolution of the case at issue depends entirely upon resolution of questions of law.

### V. Review of Arbitration Award

Judicial review of arbitration awards is narrow. The district court's function in reviewing an arbitrator's interpretation of a collective bargaining agreement is limited. *United Steelworkers of America v. American Mfg. Co.*, 363 U.S.

564, 567–68, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403 (1960); *Ethyl Corp. v. United Steelworkers,* 768 F.2d 180, 183 (7th Cir.1985); *F.W. Woolworth Co. v. Misc. Warehouseman's Union Local No. 781,* 629 F.2d 1204, 1214 (7th Cir.1980). A district court may not disturb an arbitration agreement simply because the decision is ambiguous or because the court disagrees with it. As long as the arbitration decision is rationally based on the collective bargaining agreement and draws its essence from the agreement, the court may not review the merits of the dispute. *W.R. Grace Co. v. Local Union 759, Int'l Union of Rubber Workers,* 461 U.S. 757, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983); *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *Amoco Oil Co. v. Oil, Chemical, and Atomic Workers Int'l Union,* 548 F.2d 1288 (7th Cir.1977); *Oscar Mayer Foods Corp. v. Beef Boners and Sausage Makers Union Local 100,* 118 L.R.R.M. 2561 (N.D.Ill.1984). The court must enforce an award that satisfies such requirements, and may not review the merits of the contract dispute; neither the correctness of the arbitrator's conclusion nor the reasoning employed to reach that conclusion is relevant to the court. *Chicago Webb Printing Union No. 7 v. Chicago Newspaper Publishers' Ass'n,* 772 F.2d 384 (7th Cir.1985).

■■■ While an arbitrator has considerable latitude, his powers are not limitless in the resolution of labor disputes. Judicial review of arbitral awards is not a meaningless part of the arbitration process. *International Union, United Automobile, Aerospace and Agricultural Implement Workers of America v. Keystone Consolidated Indus., Inc.,* 782 F.2d 1400, 1403 (7th Cir.1986). The district court is to vacate the award where the arbitrator's interpretation shows a manifest disregard of the agreement and is totally unsupported by the principles of the contract and the law of the shop. *Amoco Oil Co. v. Oil, Chemical, and Atomic Workers Int'l Union,* 548 F.2d 1288, 1294 (7th Cir.1977), citing *Ludwig Honold Mfg. Co. v. Fletcher,*

405 F.2d 1123, 1128 (3d Cir.1969). As Justice Douglas wrote:

> [A]n arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award.

*United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960).

■■■ An arbitrator is confined to the interpretation and application of the collective bargaining agreement, and although he may construe ambiguous contract language, he is without authority to disregard or modify plain and unambiguous provisions. *Hoteles Conado Beach, La Concha and Convention Center v. Union De Tronquistas Local 901,* 763 F.2d 34 (1st Cir.1985); *Teamsters, Chauffeurs, Warehousemen, Helpers and Food Processors, Local Union 657 v. Stanley Structures, Inc.,* 735 F.2d 903 (5th Cir.1984); *Storer Broadcasting Co. v. American Fed'n of Television and Radio Artists, Cleveland Local, AFL–CIO,* 600 F.2d 45 (6th Cir. 1979); *Detroit Coil Co. v. International Ass'n of Machinists & Aerospace Workers, Lodge No. 82,* 594 F.2d 575 (6th Cir. 1979); *A.O. Smith Corp. v. Smith Steel Workers Directly Affiliated with Local Union 19806, AFL–CIO,* 575 F.Supp. 1189 (E.D.Wis.1983) (dicta), *aff'd mem.* 746 F.2d 1482 (7th Cir.1984); *Sunbeam Appliance Co. v. International Ass'n of Machinists and Aerospace Workers of America,* 511 F.Supp. 505, 508 (N.D.Ill.1981), *aff'd mem.* 679 F.2d 893 (7th Cir.1982); *Zeigler Coal Co. v. District 12, United Mine Workers of America,* 484 F.Supp. 445 (C.D.Ill.1980). Furthermore, the arbitrator cannot ignore, overlook or fail to interpret the agreement's language. *Clinchfield Coal Co. v.*

*District 28, United Mine Workers of America,* 720 F.2d 1365 (7th Cir.1983). When an arbitrator interprets unambiguous language in any way different from its plain meaning, he amends or alters the agreement and acts without authority.

 The arbitrator's words in the case at bar manifest an infidelity to his obligation; the award fails to draw its essence from the agreement. This arbitrator found that the vacation provision unambiguously provided that ten days' vacation was due to all workers with three years' employment with the company, rather than to all employees with three years' experience after the agreement came into effect. Nonetheless, the arbitrator interpreted the provision in the opposite manner, based solely upon testimony pertaining to the parties' intent at the time of the contracting. The arbitrator's interpretation entirely disregarded the agreement's unambiguous provisions.

This is indeed a rare case: the arbitrator held that the parties had not intended the clear meaning of a provision he expressly found to be unambiguous. Such a decision draws its essence, not from the agreement, but rather from the negotiations.

 The Union contends that the parol evidence rule bound the arbitrator, but no authority supports the Union's argument. While arbitrators often apply the parol evidence rule, *Wen Products,* 54 L.A. 1029 (Arb. Sullivan, 1970); *Hamilton Tool Co.,* 52 L.A. 796 (Arb. Stouffer, 1969); *Container Corp.,* 51 L.A. 1146 (Arb. Morris, 1969); *Johnson & Johnson and Ethicon,* 49 L.A. 841 (Arb. Murphy, 1967); *Kentucky Die Casting,* 49 L.A. 1 (Arb. Sembower, 1967); *Patterson Steel,* 45 L.A. 783 (Arb. Autry, 1965); *American Sugar Refining,* 38 L.A. 714 (Arb. Quinlan, 1961), arbitrators possess broad latitude in their investigations and may generally base their interpretations on the language of the contract, its context and any other indication of the parties' intentions. *Amoco Oil Co. v. Oil, Chemical, and Atomic Workers Int'l Union,* 548 F.2d 1288, 1294 (7th Cir.1977).

In the case before the court, however, the arbitrator disregarded the agreement's unambiguous provision, and did so without support of principles of contract construction or the law of the shop. The vacation of the arbitrator's award is not based upon an error in deciding a question of law, such as the parol evidence rule, *cf. Jones Dairy Farm v. Local No. P–1236,* 760 F.2d 173 (7th Cir.1985), but rather upon infidelity to the agreement.

*VI. Conclusion and Order*

Based on the foregoing, the court finds that there is no genuine issue of material fact and that the plaintiff is entitled to judgment as a matter of law. Accordingly, the plaintiff's motion for summary judgment must be, and hereby is, GRANTED, and the defendant's motion for summary judgment must be, and hereby is, DENIED. The arbitration award is VACATED. SO ORDERED.