The MEMPHIS DISTRICT OF BROWN-ING–FERRIS INDUSTRIES OF TEN-NESSEE, INC., Plaintiff/Counter–Defendant,

v.

TEAMSTERS LOCAL UNION # 984, Defendant/Counter–Plaintiff.

No. 86–2083–HB.

United States District Court,
W.D. Tennessee, W.D.

June 6, 1990.

Susan J. Piller, Houston, Tex., and J. Edward Wise, Memphis, Tenn., for plaintiff/counter-defendant.

Howard R. Paul, Memphis, Tenn., for defendant/counter-plaintiff.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF, COUNTER–DEFENDANT, THE MEMPHIS DISTRICT OF THE BROWNING–FERRIS INDUSTRIES OF TENNESSEE, INC.

HORTON, Chief Judge.

On October 15, 1986 plaintiff/counter-defendant, The Memphis District of Browning–Ferris Industries of Tennessee, Inc. (BFI), filed a motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure. The defendant/counter-plaintiff, Teamsters Local Union # 984, (Union) filed a like motion for summary judgment on October 8, 1986.

After careful consideration, the Court finds that the plaintiff/counter-defendant's motion should be granted and the defendant/counter-plaintiff's motion should be denied.

*Background*

This action was initiated by BFI by filing its complaint to vacate an arbitration award dated January 15, 1986. They claim the arbitrator did not follow the clear and unequivocal language of the labor agreement in reinstating an employee after finding he had committed a dishonest act and

such action was a dischargeable offense according to said labor agreement.

The Union's position is that the arbitrator never found the grievant guilty of theft and that even if he found him guilty of theft he had the authority to fashion a remedy when there is no mandatory remedy under the Collective Bargaining Agreement.[1]

Larry Scott (Scott) was an employee of Browning–Ferris as a helper on a residential collection truck. Scott was terminated March 19, 1985 for dishonesty and theft in that he did not immediately return a wallet he found while on company business at the Stone Mill Apartment Complex. Following the discharge the Union filed a grievance on Scott's behalf. The grievance was processed to arbitration. The arbitration hearing was conducted on November 26, 1985, before Arbitrator George Munchus. On January 15, 1986, Arbitrator Munchus issued his award sustaining the grievance.

The wallet was ultimately returned to a BFI supervisor, who had been notified of the loss of a wallet, after the owner reported both the loss and his suspicion that Scott had it. The wallet had contained $120.00 in cash and a number of credit cards.

The owner of the wallet was Don Stough. Stough spoke to Scott about the wallet; however, it is not clear whether this conversation took place before or after the wallet had been found by Scott. In any event, it is clear that Stough did discuss the lost wallet with Scott. Scott left the Stone Mill Apartments with the wallet and contents. The wallet was later returned to Stough complete with credit cards, but minus $60.00 that Scott kept.

The arbitrator, in sustaining the grievance, determined Scott found a wallet that did not belong to him and further found that he refused to return $60.00 contained in the wallet. The arbitrator also concluded that the owner of the wallet reported the loss of the wallet to BFI. He further found that the discharge of Scott for theft and dishonesty violated the Collective Bargaining Agreement. According to the arbitrator, he perceived a distinct difference between theft of personal and company-owned property. The arbitrator found that since Scott did not wrongfully withhold company-owned property, the company was unable to discipline and discharge the employee. The arbitrator concluded that, although not based on any language contained in the contract or any evidence presented at the hearing, the company was without any authority to terminate an employee who, while working for the company, takes, and refuses to return the property of another, other than of the company, even though the arbitrator has concluded such was theft and, thus, dishonest.

There are two relevant provisions of the Collective Bargaining Agreement. One is Article 3 and the other is Article 6.

*Article 3:* The employer shall not discharge any employee without a prior written warning and/or disciplinary suspension unless the cause of such discharge is dishonesty; theft; ... scavenging or salvaging ... unprovoked discourtesy to a customer; wilful refusal to work as directed....

*Article 6:* Adjustment of Grievances: The Arbitrator shall have no authority to add to the terms hereof or to impose on any party hereto limitations or obligations not specifically provided for in this agreement. No Arbitrator shall have the power to substitute his judgment for that of management unless he finds that management acted in violation of the express terms of the agreement.

*Applicable Law and Conclusion*

Under Rule 56, summary judgment is proper "if the pleadings, depositions, an-

---

1. It is interesting to note that on page 5 of the Arbitrators Report the arbitrator made the following finding:

    "Furthermore, the company contends what is factually in dispute is irrelevant to an analysis of the essential issue of the case, being whether the grievant engaged in theft and/or dishonesty. The arbitrator fully agrees such is the essential issue that must be addressed in the instant case. The company had no alternative, given Scott's intransigence, (theft and dishonesty) but to discharge him."

swers to interrogatories and admissions on file, together with the affidavits, if any, show together there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law", *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Motions for summary judgment, further, require the Court to view the complaint in the light most favorable to the plaintiff. *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389 (6th Cir. 1975). See *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir.1989).

 If there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law, summary judgment is appropriate. 10 A.C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure*, Section 2727, p. 121 (2nd Ed. 1983). At the summary judgment stage, the judge's function is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is an issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Judicial review of arbitration awards is narrow and awards must stand if they draw their essence from the Collective Bargaining Agreement. An arbitrator is without authority to disregard or modify the plain and unambiguous provision of a Collective Bargaining Agreement. *International Association of Machinists v. Teter Tool & Die, Inc.*, 630 F.Supp. 732 (N.D.Ind.1986). The Sixth Circuit has recognized in *Storer Broadcasting Co. v. American Federation of Television and Radio Artists*, 600 F.2d 45, 48 (6th Cir. 1979), that the arbitrator is without authority to "dispense his own brand of industrial justice". See *Amanda Bent Bolt Co. v. International Union, United Automobile, Aerospace, Agricultural Implement Workers of America, Local 1549*, 451 F.2d 1277, 1278–79 (6th Cir.1971), *International Brotherhood of Firemen and Oilers v. Nestles Company, Inc.*, 630 F.2d 474 (6th Cir.1980).

There is no genuine issue of facts in this case. The arbitrator concluded that

Scott took a wallet which did not belong to him, spoke to the owner about the lost wallet, failed to return the wallet with all its contents to the owner and continually refused to return the $60.00 to the owner. The arbitrator was without authority to add an additional condition to the company's ability to discharge, by requiring that the theft be of company-owned property.

It is therefore Ordered that the motion for summary judgment of plaintiff, counter-defendant, the Memphis District of Browning–Ferris Industries of Tennessee, Inc., is hereby Granted, and the case Dismissed.

