MANHATTAN COFFEE COMPANY,
Plaintiff,

v.

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, CHAUFFEURS, WARE-
HOUSEMEN AND HELPERS OF
AMERICA, LOCAL NO. 688, Defendant.

No. 83–838C(1).

United States District Court,
E.D. Missouri, E.D.

Sept. 12, 1983.

348

Paul Monroe Heylman, Schmeltzer, Aptaker & Sheppard, Ira Michael Shepard, Washington, D.C., Peper, Martin, Jensen, Maichel & Hetlage, Arthur L. Smith, St. Louis, Mo. (local counsel), for plaintiff.

Nancy M. Watkins, Clyde E. Craig, Wiley, Craig, Armbruster, Wilburn & Mills, St. Louis, Mo., for defendant.

## MEMORANDUM

NANGLE, Chief Judge.

This case is now before this Court on cross-motions for summary judgment. Both parties assert that they are entitled to summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, because there are no genuine issues of material fact and they are entitled to judgment as a matter of law. *Fed.R.Civ.P.* 56.

### 1. *The Facts:*

Plaintiff brought this action seeking to set aside and vacate the award of an impartial arbitrator. Defendant filed a counterclaim seeking enforcement of the arbitrator's award and attorney's fees. Plaintiff and defendant filed cross-motions for summary judgment which purport to dispose of both plaintiff's claim and defendant's counterclaim.

Plaintiff and defendant are parties to a collective bargaining contract covering plaintiff's office and clerical workers for the period July 1, 1982, through June 30, 1985. A separate collective bargaining contract covers plaintiff's warehouse and service maintenance workers. Article 28 of the contract, entitled "SUBCONTRACTING", provides:

> The Employer agrees that no function or service presently performed, or hereafter assigned, to the bargaining unit shall be subcontracted, leased, assigned or conveyed in whole or part to any other person or organization, if any member of the bargaining unit is, at the time of such action, on layoff due to lack of work . . . .
> The above language shall not be construed or interpreted to prohibit the Employer from adding or discontinuing manufacture, packaging, or processing of a product or performance of a service based on sound business considerations.

Article 18 of the contract provides for a four step grievance procedure. Step 1 requires that a grievance be filed with the employer within five (5) days of the occurrence. Step 2 requires the employer to rule on the grievance within five (5) days after receipt of same. Step 3 provides that if the grievance is not settled by steps 1 or 2, "it shall be submitted to a two (2) man Adjustment Board within three (3) working days." Art. 18, § 3. Finally, step 4 provides that the parties shall submit the grievance to arbitration if the Union so requests. If the matter is submitted to arbitration, the arbitrator:

> shall be limited to interpretation and application of this Agreement in any of its particulars, and any decision rendered within the scope of such limitation shall be final and binding on the parties of the agreement. Art. 18, § 6.

Prior to July 1, 1983, the payroll and accounts payable functions were performed by the office and clerical unit. On July 26, 1982, Patricia A. Schwenck (Grievant), an

office employee covered by the parties' collective bargaining agreement, initiated a grievance. Grievant alleged that plaintiff had violated the contract by transferring the payroll and accounts payable work out of the bargaining unit, to the office of the parent corporation in Oklahoma City, while she was on layoff.

On July 27, 1982, plaintiff denied the grievance in writing, thus completing steps 1 and 2 of the grievance procedure. In addition, on July 27, 1982, grievant spoke on the telephone with her supervisor. The supervisor had called grievant to inquire why she had filed the grievance. Grievant responded by inquiring as to when a meeting, which was supposed to have been held within six (6) weeks after the contract went into effect on July 1, 1982, was going to be held.[1] The supervisor was unable to answer grievant and requested that she "sit tight" until Monday, August 2, 1982.

On Thursday, August 5, 1982, grievant requested that plaintiff waive step 3 of the grievance procedure and go directly to arbitration. On August 9, 1982, plaintiff refused to forego step 3 and informed defendant that grievant's time to request a step 3 two (2) man adjustment board had expired. Nevertheless, a two-man adjustment board meeting was held on August 25, 1982, but the board failed to resolve the grievance. Although plaintiff maintained that the grievance was not arbitrable, because steps 1 and 3 were not taken by grievant within the time required by Article 18 of the contract, the parties agreed to submit the issue of arbitrability and the substantive contract issue to arbitration.

Richard L. Ross was the impartial arbitrator, and he conducted a hearing on the matter on December 7, 1982. On January 14, 1983, he issued his Opinion and Award sustaining the grievance as to both arbitrability (i.e., timeliness) and the merits. He

ordered plaintiff to cease and desist from transferring the office bargaining unit work to plaintiff's parent corporation's offices. In addition, he awarded grievant backpay from the date of filing her grievance. *See Manhattan Coffee Company v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Local Union No. 688,* Jan. 14, 1983 (Ross, Arb.) (hereinafter "Arb.Op.").[2]

### 2. The Law:

■ The scope of judicial review of arbitrators' awards is extremely limited, because there is a strong federal policy favoring the non-judicial resolution of labor disputes. *Nolde Brothers, Inc., v. Bakery Workers Local 358,* 430 U.S. 243, 253–54, 97 S.Ct. 1067, 1073, 51 L.Ed.2d 300 (1977); *Iowa Beef Processors v. Meat Cutters,* 627 F.2d 853, 856 (8th Cir.1980); *Teamsters Local 878 v. Coca-Cola Bottling Company,* 613 F.2d 716, 717 (8th Cir.1980); *Kewanee Machinery Division v. Teamsters Local 21,* 593 F.2d 314, 316–17 (8th Cir.1979). The function of a reviewing court is not to redetermine the merits of the dispute, but rather to decide whether the arbitrator's award "draws its essence" from the contract. *Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 596–97, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960); *United Food and Commercial Workers Local 222 v. Iowa Beef Processors, Inc.,* 683 F.2d 283, 285 (8th Cir.1982). So long as the award has a rational basis rooted in the collective bargaining agreement, it must be enforced even if the court would have reached a contrary result had it considered the matter in the first instance. *Nolde Brothers, Inc., v. Bakery Workers Local 358, supra,* 430 U.S. at 253–54, 97 S.Ct. at 1073; *Steelworkers v. Enterprise Wheel & Car Corp., supra,* 363 U.S. at 599, 80 S.Ct. at 1362.

---

1. The new contract, effective July 1, 1982, resulted in several major changes in the size and composition of the bargaining units at plaintiff's St. Louis facility. Most notably, all production work was transferred to plaintiff's parent corporation and several warehousemen, servicemen, and office workers were laid off. The purpose of the six-week meeting was to assess the success of the new arrangement.

2. For a more detailed description of the facts, *see Arb.Op.* at 2–6.

### 3. *Opinion:*

Plaintiff contends that the arbitration award must be set aside and vacated for three reasons: 1) the matter was not arbitrable because grievant did not comply with the time limits for processing her grievance; 2) the transfer of the office unit work did not violate the contract and the arbitrator's contrary conclusion resulted in an unlawful modification of the contract; and 3) the award of backpay was unwarranted because defendant expressly disclaimed any right to backpay for grievant. In addition, if summary judgment is entered in favor of defendant, plaintiff contends that defendant is not entitled to an award of attorney's fees by this Court, because plaintiff's initiation of this action was not in bad faith.

#### a) *Procedural Arbitrability:*

Plaintiff contends that the grievance was not arbitrable because steps 1 and 3 of the grievance procedure were not processed by grievant within the required time limits. The arbitrator held that the grievance was arbitrable because he found that step 1 was not processed late and that the untimeliness of step 3 was expressly waived by plaintiff. *Arb.Op.* at 7–10.

With respect to step 1, plaintiff argues that the grievance occurred on July 1, 1983, when plaintiff initially transferred the office work and, therefore, grievant's filing of her grievance on July 26, 1982, was not within five (5) days of the "occurrence" as required by Article 18, § 1. The arbitrator held that the transfer, if it was in violation of the contract, was a continuing "occurrence". *Arb.Op.* at 8. Therefore, the grievance filed on July 26, 1982, was timely. *Id.*

■ The arbitrator's interpretation of the term "occurrence" as it appears in Article 18, § 1 of the contract is a reasonable one. It is also supported by the facts and the evidence presented to the arbitrator. Moreover, the arbitrator's award of backpay was limited to, from and after July 26, 1982, rather than July 1, 1982. Therefore, the arbitrator's conclusion that the grievance was procedurally arbitrable with respect to step 1 is upheld.

■ With respect to step 3, plaintiff argues that the finding that plaintiff waived the delinquency of step 3 both contravenes an express limitation in the contract and is without foundation in the facts. The arbitrator relied on several factors in reaching his conclusion that plaintiff waived the time requirements of step 3. These factors include: 1) the fact that a meeting was scheduled for six (6) weeks from the effective date of the contract, July 1, 1982, to discuss any problems related to the new arrangement; 2) the fact that grievant's supervisor told her to "sit tight" with regard to her grievance and the six-week meeting; and 3) the fact that plaintiff had actual notice of grievant's grievance. *Arb.Op.* at 9–10. In addition, the arbitrator relied on previous arbitration decisions to the effect that "discussion of the merits of a grievance waives the right of a party to rely on the technical procedural provisions of the contract." *Arb.Op.* at 9.

The arbitrator's finding that plaintiff waived the timeliness of step 3 is a reasonable finding based on the facts presented to him. The facts that the six-week meeting was intended to address problems closely related to grievant's grievance and that her supervisor told her to "sit tight" are a sufficient basis from which a waiver may be inferred. In addition, as the arbitrator noted, there is an ambiguity in the contract as to who holds the responsibility for submitting a grievance to the two-man adjustment board under step 3. *Arb.Op.* at 10. Under these circumstances, the arbitrator's finding of waiver is reasonable and is upheld.

Plaintiff's argument that the finding is invalid because it contravenes an express limitation in the contract fails to appreciate the nature of a waiver. Because plaintiff expressly waived the time limitation in step 3, plaintiff cannot be heard to rely on said limitation.

■ Finally, this Court notes that issues of procedural arbitrability are as much within the special competence of arbitrators

as issues of substantive merit. *John Wiley & Sons, Inc., v. Livingston,* 376 U.S. 543, 557, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964); *Automotive, Petroleum and Allied Industries Employees Union, Local No. 618, v. Town and Country Ford,* 709 F.2d 509 (8th Cir.1983). *See also Ottley v. Sheepshead Nursing Home,* 688 F.2d 882, 883, 890–1 (2d Cir.1982) (refused to set aside arbitration award where arbitrator implicitly found that employer waived objection to timeliness of grievance). Because the arbitrator's conclusion that the grievance was procedurally arbitrable was both supported by the facts and was not unreasonable, this Court declines to vacate the arbitrator's award on the asserted ground that the grievance was not arbitrable.

b) *Substantive Merits:*

■ Plaintiff next contends that the arbitration award must be vacated, because the arbitrator's finding that plaintiff violated the contract when it transferred office work to Oklahoma City does not draw its essence from the contract and in fact results in an unlawful modification of the contract. The arbitrator held that the work transfer constituted a violation of the contract because the "sound business judgment" exception to the contract prohibition against work transfers did not apply to the work of the office of clerical unit. *Arb.Op.* at 10–14.

As discussed, *supra,* Article 28 of the contract prohibited the employer from subcontracting, leasing, assigning or conveying bargaining unit work while a unit member was on layoff. The prohibition also contains an exception for "adding or discontinuing manufacture, packaging, or processing of a product or *performance of a service* based on sound business considerations." (emphasis added). The arbitrator expressly found that the work transfer was based on sound business considerations. *Arb.Op.* at 11. However, he also found that the exception was not intended to apply to office unit work. *Id.* at 12. The arbitrator reasoned that the exception does not refer to the type of work regularly performed by the office staff. *Id.*

Although the language "performance of a service" could arguably cover the work performed by the office unit, the arbitrator rejected this construction. *Id.* He construed "performance of a service" to be limited to the work performed by the service department, *id.* at 12–13, and justified his construction on the ground that the other activities in the exception were very specific, such as manufacturing, packaging, product processing, and did not include office or clerical work. *Id.* Noting that "to expressly include one or more of a class must be taken as an exclusion of all others", *id.* at 12, the arbitrator concluded that a narrow construction of "performance of a service" was intended. He also justified his construction of the language by looking to the prior bargaining and negotiation history and finding an intention not to permit a transfer of office unit work. *Id.* at 13–14.

Having reviewed the briefs of the parties, the arbitrator's opinion and the contract itself, this Court is of the opinion that the arbitrator's construction of the contract is reasonable and supported by the facts. The language of the exception in Article 28 is ambiguous and subject to conflicting, reasonable interpretations when applied to the office bargaining unit.[3] In light of the accompanying terms of the exception and the bargaining history, it is not unreasonable to read "performance of a service" as not encompassing the work performed by the office employees. Because the arbitra-

---

**3.** It is also worth noting that it is not at all clear that the transfer of office unit work to another city falls within the activity permitted by the "sound business judgment exception, namely "adding or discontinuing" the types of work enumerated. A reasonable interpretation of "discontinuing" is that it is intended to cover the situation where the employer no longer engages in or has a need for the types of activity enumerated. Because the payroll and accounts payable work was not necessarily "discontinued" by plaintiff, but was merely transferred to the employees in the offices of its parent corporation, this is another permissible justification for the arbitrator's result, even though the arbitrator did not so justify his decision.

tor's conclusions with regard to violations of the contract draw their essence from the contract, they will not be disturbed or vacated by this Court.

#### c) *Award of Backpay:*

■ Plaintiff next takes issue with the arbitrator's award of backpay to grievant. Plaintiff contends that grievant is not entitled to backpay because grievant did not request it and because the union "specifically conceded that it had no right to such a remedy." *Plaintiff's Memorandum* at 11.

The arbitrator, however, states in his opinion that: "[Grievant] demanded full back pay and recall." *Arb.Op.* at 5. Because plaintiff has not directed this Court to any evidence that the arbitrator was corrupt, guilty of fraud or evident impartiality, 9 U.S.C. § 10, there is no basis for concluding that the award of backpay is so unreasonable that it should be set aside. Plaintiff does refer this Court to a passage in defendant's brief to the arbitrator, which brief is not before this Court, in which the union allegedly admits that it is not entitled to backpay for grievant. However, plaintiff also concedes that the arbitrator refused to consider defendant's brief because it was not timely filed. *Plaintiff's Memorandum* at 11. Therefore, any concession by the union, if there was one, was not before the arbitrator. Accordingly, the arbitrator's award of backpay was within his authority and this Court will not upset his reasonable exercise of that authority.

#### d) *Attorney's Fees and Costs:*

■ The final matter for consideration is defendant's claim for attorney's fees and costs in connection with the cause before this Court. Although defendant's argument that the present action defeats the purpose of submitting labor disputes to arbitration is appealing and pertinent, this Court is of the opinion that plaintiff's conduct is not so lacking in good faith as to require them to pay defendant's attorney's fees. Plaintiff's contentions were essentially meritless, but not quite frivolous. Accordingly, defendant's claim for attorney's fees is denied, but defendant's claim for costs is granted. *See Fed.R.Civ.P.* 54(d).

#### 4. *Conclusion:*

The essential benefit of mandatory and binding arbitration clauses is the conservation of scarce judicial time and effort. Such benefit was not achieved in the instant case. Plaintiff is admonished to give more serious consideration to the scope of this Court's power to review arbitration awards, or else plaintiff may find itself paying defendant's attorney's fees in future such actions.

It is the judgment of this Court that the award of the arbitrator in this case is reasonable and draws its essence from the contract of the parties. Plaintiff is therefore ordered to comply with the award *in toto*. Defendant's claim for attorney's fees is denied. Defendant's claim for costs is granted. Plaintiff's motion for oral argument is denied pursuant to Local Rule 7(A). *E.D. Mo.R.* 7(A).