743 F.2d 621
 117 L.R.R.M. (BNA) 2530, 101 Lab.Cas. P 11,185
 MANHATTAN COFFEE COMPANY, Appellant-Cross Appellee,
v.
INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS,
WAREHOUSEMEN AND HELPERS OF AMERICA, LOCAL NO.
688, Appellee-Cross Appellant.
 Nos. 83-2362-EM, 83-2428-EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 14, 1984.
Decided Sept. 18, 1984.
 
 Ira Michael Shepard, Paul Monroe Heylman, Nancy Lee Moran, Washington, D.C., for appellee-cross appellant; Schmeltzer, Aptaker & Sheppard, P.C., Washington, D.C., of counsel.
 Clyde E. Craig, St. Louis, Mo., for appellant-cross appellee.
 Before McMILLIAN, BENNETT* and ARNOLD, Circuit Judges.
 BENNETT, Circuit Judge.
 
 
 1
 This case is on appeal from the judgment of the district court[1] which enforced an arbitration award under the terms of a collective bargaining agreement. 571 F.Supp. 347. A cross-appeal was filed from the refusal of the district court to allow attorney's fees to the prevailing party. We affirm.
 
 
 2
 The essential facts are undisputed. The Manhattan Coffee Company (the company) and the International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Local Union No. 688 (the union), are parties to a collective bargaining contract covering the company's office and clerical workers for the period July 1, 1982 through June 30, 1985. A separate but similar contract covers the company's warehouse and service maintenance workers. The main bone of contention now is Article 28 of the grievant's contract, entitled "Subcontracting":
 
 
 3
 The Employer agrees that no function or service presently performed, or hereafter assigned, to the bargaining unit shall be subcontracted, leased, assigned or conveyed in whole or in part to any other person or organization, if any member of the bargaining unit is, at the time of such action, on layoff due to lack of work. The Employer agrees that the layoff proviso shall not be applicable until July 1, 1983.
 
 
 4
 The above language shall not be construed or interpreted to prohibit the Employer from adding or discontinuing manufacture, packaging, or processing of a product or performance of a service based on sound business considerations.
 
 
 5
 Before July 1, 1983, the payroll and accounts payable functions were performed by the office and clerical unit of the company. On July 26, 1982, an employee, Patricia A. Schwenck, covered by the collective bargaining agreement, initiated a grievance while she was on layoff which alleged a contract violation by transfer of her work out of the bargaining unit to the production facility of the parent corporation in Oklahoma City.
 
 
 6
 The grievance was denied on July 27, 1982. There was a dispute as to whether the employee thereafter timely pursued proper procedures to appeal the denial. The matter went to arbitration before an impartial arbitrator, Richard L. Ross, who conducted a hearing and on January 14, 1983, issued his opinion and award sustaining the grievance both as to arbitrability and on the merits. The arbitrator ordered the company to cease transferring the office bargaining unit work to the Oklahoma City plant and awarded grievant back pay from the date she filed the grievance.
 
 
 7
 The arbitrator specifically found that the company's decision to transfer the payroll and accounts payable work was taken in good faith and was based on sound business considerations. The company was suffering because of severe economic problems and decided to cease the production of coffee in St. Louis. Sales volume had decreased by 65 percent even though the number of employees remained the same. The company and the union agreed that Manhattan would continue in St. Louis as a distribution warehouse, a service department, and an office, with a substantial reduction in personnel. The plan was implemented on June 30, 1983. With respect to the office, in issue here, the staff was reduced from ten to five. Four St. Louis employees were given severance pay and were terminated. Grievant was placed on layoff at her election because, with her seniority, she expected to be the first recalled if needed.
 
 
 8
 Issues of procedural arbitrability decided by the arbitrator and the district court are not before us. The substantive issue on appeal arises because, while the arbitrator found that the company's action in transferring the payroll and accounts payable work to its home office master computer in Oklahoma was taken in good faith and was based on "sound business considerations," the latter exception to the subcontracting clause in Article 28 did not apply to the office and clerical unit but applied only to work performed by warehouse and equipment repair unit employees who were covered by a similar but separate contract.
 
 
 9
 The appeal challenges this interpretation of Article 28 as a "legal impossibility," arrived at sua sponte by the arbitrator without evidence in the record to support the conclusion that the "sound business considerations" exception, expressly included in the office and clerical unit contract at Article 28, was not intended to apply to the office and clerical unit. The company inquires how the exception can be considered surplusage in this case and apply only in the other contract. The company submits that the arbitrator has amended the contract and thus exceeded his authority, and that his award, affirmed by the district court, does not draw its essence from the contract.
 
 
 10
 The contract on its face appears to apply only to office and clerical employees, and it must be conceded that courts are not to redetermine the merits of an arbitration award but rather to determine whether the award draws its essence from the collective bargaining agreement. United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960); United Food & Commercial Workers, Local No. 222 v. Iowa Beef Processors, Inc., 683 F.2d 283, 285 (8th Cir.1982). Of course, the arbitrator cannot amend the contract, although he can construe ambiguous contract language if there is any. He cannot substitute his discretion for that of the parties, and he cannot assume existence of facts central to the award if there is no support therefor in the record. Timken Co. v. Local Union No. 1123, United Steelworkers of America, 482 F.2d 1012 (6th Cir.1973).
 
 
 11
 The company states the law in the decided cases correctly in support of its argument that the arbitrator and the district court have misapplied the law in the instant case. The opinion of the district court concedes that the language of the Article 28 exception for "performance of a service" could "arguably cover the work performed by the office unit." But, the court upheld the arbitrator's construction of the phrase as one relating only to the work performed by the service department. Our task is to determine whether this was a reasonable construction of the contract language. We state it again, in pertinent part, with added emphasis:
 
 
 12
 The above language shall not be construed or interpreted to prohibit the Employer from adding or discontinuing manufacture, packaging, or processing of a product or performance of a service based on sound business considerations. (Emphasis added.)
 
 
 13
 The arbitrator saw the underscored phrase in connection with the rest of the sentence pertaining to manufacture, packaging, and processing of the product, and concluded that the performance of a service must relate thereto and to the service unit and not to answering the telephone and to clerical work in the office as performed by the grievant. This is a narrow reading of the contract language but it is not impermissible. Indeed, the narrow construction was justified on the ground that, since reference to other activities in the exception was so specific and office work was not mentioned, it was therefore intended that it not be included. The district court found the language to be "ambiguous and subject to conflicting reasonable interpretations when applied to the bargaining unit," but found that the arbitrator's interpretation nevertheless drew its essence from the contract. We agree. To the extent that the decision under review also relied on "bargaining and negotiation history," we find it wanting in the record.
 
 
 14
 Having approved the conclusion of the district court that the arbitrator was correct in finding that the parties agreed to the transfer of production and service work but not to the transfer of office work, and that the transfer of work out of the office bargaining unit was violative of Article 28, we do not find it necessary, as the district court did not, to address other issues raised as to the contract language.
 
 
 15
 Back Pay.
 
 
 16
 The district court affirmed the arbitrator's award of back pay and it is not specifically challenged on appeal in the company's briefs. As with the main substantive issue of this case, any doubts are to be resolved in favor of the validity of the arbitrator's award. Judicial review of an arbitrator's award is extremely limited and if the award draws its essence from the collective bargaining agreement, it must be enforced even if the court would have reached a contrary result had it considered the matter in the first instance. These concepts flow from the strong and long-standing public policy favoring collective bargaining and arbitration of labor disputes, as shown in the statutes, 9 U.S.C. Secs. 9, 10, 11, 29 U.S.C. Sec. 171 (1982), and reiterated many times in judicial decisions. See Nolde Brothers v. Local No. 358, Bakery & Confectionery Workers Union, 430 U.S. 243, 254, 97 S.Ct. 1067, 1073, 51 L.Ed.2d 300 (1977); Steel Workers v. Enterprise Wheel & Car Corp., 363 U.S. at 599, 80 S.Ct. at 1362; Iowa Beef Processors, Inc. v. Amalgamated Meat Cutters & Butcher Workmen of North America, 627 F.2d 853, 856 (8th Cir.1980); Chauffeurs, Teamsters & Helpers Local No. 878 v. Coca-Cola Bottling Co., 613 F.2d 716, 717 (8th Cir.1980). We affirm the district court's judgment for back pay.
 
 
 17
 Attorney's Fees and Costs.
 
 
 18
 The district court awarded the union its costs but denied it attorney fees. The union has cross-appealed for the fees and seeks a remand. The district court found that while the company's case was without merit, it was not frivolous. The arbitrator had found that the company's action had been taken in good faith and for efficiency and sound business reasons to save the company money at a time when it was in financial distress. The award or denial of attorney fees is a matter within the sound discretion of the trial court, absent abuse of that discretion. General Drivers & Helpers Union No. 554 v. Young & Hay Transportation Co., 522 F.2d 562, 568 (8th Cir.1975). We find no abuse of judicial discretion here.
 
 
 19
 Affirmed.
 
 
 20
 McMILLIAN, Circuit Judge, concurring in part and dissenting in part.
 
 
 21
 I agree with the majority opinion that, to the extent the arbitrator's decision relied upon "bargaining and negotiation history," it is not supported by the record. I do not agree that the language of Article 28 is ambiguous, that the exception in Article 28 applies only to the production unit and not the office unit, or that the arbitrator's decision draws its essence from the collective bargaining agreement. For these reasons, I would reverse the judgment of the district court and remand with directions to the district court to dismiss the union's request for attorney's fees and costs.
 
 
 22
 The union is the bargaining representative for company employees in two separate bargaining units: the production unit, covering warehouse and service maintenance workers, and the office unit, covering office and clerical workers. Separate but similar collective bargaining agreements cover each bargaining unit. The collective bargaining agreement for the office unit is identified as such by the term "Office" on the cover page. See Ex. A. Article 3, sec. 1 of the collective bargaining agreement recognizes the union as the bargaining representative for "all of the office and clerical employees of the Employer, except buyers, salesmen, solicitors, confidential secretaries and pricing employees, executives, supervisors, and all others." The collective bargaining agreement for the office unit does not refer to the production unit and the two collective bargaining agreements are not by their terms interdependent.
 
 
 23
 Article 28 and the exception at issue are set forth in the majority opinion. Because this collective bargaining agreement covers only the office unit, I cannot agree with the arbitrator's construction of the phrase "performance of a service" in the exception to apply to work performed by service department employees in the production unit. I admit that the parties could and should have used more specific terms when drafting this Article and the exception. Nonetheless, this collective bargaining agreement specifically covers the office unit employees and in that context I conclude that the exception must apply to the company's transfer of the payroll and accounts payable work. It is undisputed that the company transferred this work in good faith and on the basis of "sound business considerations." For these reasons, I believe the arbitrator has in effect amended the parties' contract and therefore the arbitrator's decision cannot be said to draw its essence from the collective bargaining agreement.
 
 
 24
 I would reverse the judgment of the district court.
 
 
 
 *
 The Hon. Marion T. Bennett, United States Circuit Judge for the Federal Circuit, sitting by designation
 
 
 [1]
 The Hon. John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri