**GSX CORPORATION OF MISSOURI, INC., Plaintiff,**

v.

**LOCAL UNION NO. 610, etc., Defendant.**

No. 86–0219C(3).

United States District Court, E.D. Missouri, E.D.

March 30, 1987.

Byron E. Francis, Armstrong, Teasdale, Kramer & Vaughn, St. Louis, Mo., for plaintiff.

Earl B. Wilburn, Wiley Craig Armbruster & Wilburn, St. Louis, Mo., for defendant.

## MEMORANDUM

HUNGATE, District Judge.

This matter is before the Court on the parties' cross-motions for summary judg-

ment. There is no genuine issue as to material facts as the parties have stipulated to all facts pertinent to this dispute in a joint stipulation of facts filed on November 4, 1986. This cause is taken as submitted and summary judgment is in order.

The stipulated facts are as follows:

1. Plaintiff, GSX Corporation of Missouri, Inc. (GSX), is a corporation organized and existing under the laws of the State of Delaware with its office and principal place of business at 1838 North Broadway in the City of St. Louis, State of Missouri.

2. Defendant, Local Union No. 610, Miscellaneous Drivers, Helpers and Public Employees, affiliated with International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (Local 610), is and at all times hereinafter mentioned was a labor organization representing employees in an industry affecting commerce as defined by 29 U.S.C. §§ 142(1), 142(3), and 152(5), and within the meaning of 29 U.S.C. § 185.

3. Plaintiff is and at all times hereinafter mentioned was the successor in interest to SCA Services, Inc., as "Company" under an agreement with Local 610, and during all times hereinafter mentioned, defendant Local 610 was the collective bargaining representative for various of plaintiff's employees, including one Robert O. Dudley.

4. Plaintiff brings this action to vacate an arbitration award rendered by virtue of the collective bargaining agreement between the parties under the Labor Management Relations Act, as amended, 29 U.S.C. §§ 141, et seq., and particularly 29 U.S.C. § 185.

5. This Court has jurisdiction of this action pursuant to 29 U.S.C. §§ 141, et seq., 29 U.S.C. § 185, and 28 U.S.C. § 1331.

6. On or about September 25, 1982, Local 610 and plaintiff's predecessor in interest, SCA Services, Inc., entered into a collective bargaining agreement covering the period October 1, 1982, through October 1, 1985.

7. On or about July 24, 1985, Robert O. Dudley was employed by plaintiff as a driver, and was represented by Local 610 under the collective bargaining agreement.

8. On or about August 1, 1985, plaintiff notified Mr. Dudley that he was being discharged pursuant to Article XX of the collective bargaining agreement for being in possession of and under the influence of illegal drugs.

9. Thereafter, on August 5, 1985, Mr. Dudley, through Local 610, filed a grievance with respect to said discharge, which grievance went through the steps set forth in Article XIX of said collective bargaining agreement, culminating in an arbitration hearing before Arbitrator Gilbert Kannenberg on December 13, 1985.

10. On January 14, 1986, the arbitrator rendered his decision.

11. Based on the above opinion, the arbitrator stated that, while he believed that Mr. Dudley did briefly drag from the cigarette, discharge is too severe a penalty and therefore ordered Mr. Dudley to be reinstated with full seniority and fringe benefits, but without retroactive pay.

Article XX of the collective bargaining agreement provides that:

The Employer shall not discharge nor suspend any employee without just cause, but in respect to discharge or suspension shall give at least one warning notice or the complaint against such employee to the employee, in writing, and a copy of the same to the Union affected, except that no warning notice need be given to an employee before he is discharged if the cause of such discharge is dishonesty or drunkenness, or possession of alcohol or illegal drugs or under the influence of alcohol or illegal drugs, or recklessness resulting in serious accident while on duty, or the carrying of unauthorized passengers, willfull [sic] destruction of Company property, or gross insubordination. The warning notice as herein provided shall not remain in effect for a period of more than nine (9) months from date of said warning notice and shall not be used as a basis for further disciplinary action. Warning letters

shall be given to employees on the job, not mailed to employees.

Plaintiff brings the instant suit to vacate the arbitrator's award as not drawing its essence from the collective bargaining agreement and as being outside the authority granted the arbitrator under the agreement. Plaintiff concedes the arbitrator did not specifically find the grievant guilty of the offense alleged. Plaintiff argues, however, that the arbitrator penalized the grievant by reinstating him without backpay and thereby fashioned his own remedy.

Defendant, by counterclaim, seeks enforcement of the award with costs assessed against the plaintiff. Defendant reminds the Court of the scope of judicial review of an arbitrator's award. Defendant relies on the arbitrator's favorable decision, incorporated by reference into the parties' stipulation of facts.

In arbitration, plaintiff's position was that as a result of an investigation held to assess a possible drug problem among company drivers, grievant was seen sharing a "half-joint" with another employee on July 24, 1985, and later that same day furnished papers with which an employee rolled a marijuana cigarette and both employees took "drags" from it. This evidence was produced by a private investigator hired by the company.

Defendant's position was that the investigator could not, on cross-examination, conclude if grievant was or was not under the influence of illegal drugs. With respect to the "half-joint," the union notes that another employee handed the "half-joint" to the detective who, in turn, handed it to the grievant. So any possession was brief at best, and occurred when the cigarette was handed to grievant by the investigator hired by the company. Further, with respect to the other marijuana cigarette, grievant furnished the paper alone and was not the one with the marijuana. Grievant emphatically denied the use or possession of marijuana while on duty. Defendant argued that a higher degree of proof is required with a discharge of this nature due to the stigma attached thereto.

The parties agreed to have the arbitrator frame the issue, and he found it to be: Was Robert Dudley discharged on August 1, 1985, for just cause? The arbitrator construed possession of an illegal drug to mean more than someone handing it to another, as in the instant situation. Also, there was no credible evidence that the grievant was under the influence of an illegal drug. Although the arbitrator believed grievant did briefly "drag" from the marijuana cigarette, the arbitrator found discharge was too severe a penalty. He awarded grievant reinstatement with full seniority and fringe benefits but without backpay.

■ The scope of judicial review of an arbitral award in a labor relations case is extremely limited. *Manhattan Coffee Co. v. Int'l Bro. of Teamsters, Local No. 688,* 743 F.2d 621 (8th Cir.), *cert. denied,* 471 U.S. 1100, 105 S.Ct. 2323, 85 L.Ed.2d 842 (1984). A reviewing court must uphold an arbitrator's award so long as it draws its essence from the collective bargaining agreement. *Int'l Bro. of Electrical Workers, Local Union No. 53, AFL–CIO v. Sho-Me Power Corp.,* 715 F.2d 1322 (8th Cir.), *cert. denied,* 465 U.S. 1023, 104 S.Ct. 1277, 79 L.Ed.2d 682 (1983). An award fails to draw its essence from a collective bargaining agreement only when an arbitrator must have based his award on his own personal notions of right and wrong. *E.I. Dupont de Nemours & Co. v. Grasselli Employees Independent Ass'n of East Chicago, Inc.,* 790 F.2d 611 (7th Cir.1986). The Third Circuit has defined the concept of when a labor arbitrator's award draws its essence from a collective bargaining agreement as follows:

[W]e hold that a labor arbitrator's award ... draw[s] its essence from [a] collective bargaining agreement if the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention; only where there is a manifest disregard of the agreement, totally unsupported by principles of contract construction and the law of the shop, may a reviewing court disturb the award.

*Ludwig Honold Mfg. Co. v. Fletcher,* 405 F.2d 1123, 1128 (3d Cir.1969).

An arbitrator may interpret, construe, or apply provisions of a collective bargaining agreement if the contract does not limit his authority to do so. *Int'l Bro. of Electrical Workers, supra.* Thus, though an arbitrator cannot amend the contract, he can construe ambiguous language if there is any. He cannot substitute his discretion for that of the parties. *Manhattan Coffee Co. v. Int'l Bro. of Teamsters, Local No. 688, supra.* Arbitration is an alternative to the judicial resolution of disputes, and an extremely low standard of review is necessary to prevent arbitration from becoming merely an added preliminary step to judicial resolution rather than a true alternative. *E.I. Dupont de Nemours & Co., supra* at 614.

Given this standard of review, it cannot be said that the arbitrator based his award on his own personal notions of right and wrong rather than on an interpretation of the contractual phrase "possession." The arbitrator interpreted possession to mean more than one person handing an illegal drug to another who then holds it for a moment. The collective bargaining agreement in no way limits the arbitrator's authority to construe ambiguous language. Further, this interpretation can rationally be derived from the context of Article XX of the collective bargaining agreement if one considers the seriousness of the other allegations. Any offense not enumerated in Article XX may require issuance of a warning notice and subsequent warning period of not more than nine months, during which time any other offense can result in discharge. Therefore, this Court cannot say that the arbitrator demonstrated a manifest disregard for the agreement. There is no evidence that the employer, the union, or the bargaining agreement impressed upon the arbitrator a certain construction of possession. Nor in any way was it made clear to the arbitrator that the parties had in mind a certain definition of "possession." Thus, it cannot be said the arbitrator ignored that limitation and sub-stituted his own discretion for that of the parties.

This Court cannot find that the award is drawn from outside the essence of the collective bargaining agreement. The final matter for this Court to decide is whether the arbitrator fashioned his own remedy by reinstating grievant without backpay.

The grant of power to an arbitrator by a collective bargaining agreement must be broadly construed with any doubt resolved in favor of the arbitrator's authority. *Kewanee Machinery Div., Chromalloy American Corp. v. Local Union 21, Int'l Bro. of Teamsters,* 593 F.2d 314 (8th Cir.1979). Under Article XIX, if arbitration is requested, the parties in essence agree to be bound by the decision.

There can be disagreement as to whether reinstatement without backpay is an award or a penalty, or perhaps both in the same instance. Mere disagreement does not allow overturning of an award. Further, since the arbitrator found the grievant not guilty of the alleged offenses, and although he stated discharge was too severe a penalty, it was an award, not a remedy, which the arbitrator fashioned. The collective bargaining agreement did not limit the arbitrator's authority to allow or disallow backpay in granting his award. Thus, with any doubt resolved in favor of the arbitrator's authority, this Court finds that the arbitrator did not fashion his own remedy.

Accordingly, defendant's motion for summary judgment will be granted, and plaintiff's motion for summary judgment will be denied.

### ORDER

A memorandum dated this day is hereby incorporated into and made a part of this order.

IT IS HEREBY ORDERED that plaintiff's motion for summary judgment be and the same is denied.

IT IS HEREBY FURTHER ORDERED that defendant's motion for summary judgment be and the same is granted. Accordingly,

IT IS HEREBY FURTHER ORDERED that grievant, Robert O. Dudley, is reinstated with full seniority and fringe benefits in accordance with the arbitrator's decision and award.

IT IS HEREBY FURTHER ORDERED that, there being no mention made as to costs in the collective bargaining agreement, nor any apparent bad faith, the parties shall bear their own costs.