**SHOP 'N SAVE WAREHOUSE FOODS, INC., Plaintiff,**

v.

**UNITED FOOD AND COMMERCIAL WORKERS, AFL–CIO–CLC, LOCAL NO. 88, Defendant.**

**No. 4:93CV01437 GFG.**

United States District Court, E.D. Missouri, Eastern Division.

Oct. 14, 1994.

Donald Anderson, Becker and Dufour, St. Louis, MO, for defendant.

Geoffrey Gilbert, Robert Stewart, McMahon and Berger, St. Louis, MO, for plaintiff.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on the parties' cross motions for summary judgment. Plaintiff Shop 'N Save Warehouse Foods, Inc. (Shop 'N Save) filed this action under the Labor Management Relations Act, 29 U.S.C. § 185, to set aside the arbitrator's award in a dispute related to Shop 'N Save's discharge of an employee, Sam Coffey, cov-

ered by the collective bargaining agreement between Shop 'N Save and defendant United Food and Commercial Workers, AFL–CIO–CLC, Local No. 88 (United Food). United Food filed a counterclaim to enforce the award.

At the time of the occurrences underlying this lawsuit, Shop 'N Save and United Food were parties to a collective bargaining agreement entered into pursuant to the provisions of the Labor Management Relations Act, as amended 29 U.S.C. § 141 et seq. On September 3, 1992, Coffey's employment with Shop 'N Save ceased as a direct consequence of his unwillingness to continue wearing the required back belt.

The following facts are not in dispute. On April 24, 1992, Shop 'N Save instituted a work rule mandating that employees, including all meat cutters such as Coffey, wear back belts while performing their duties at work. The letter announcing the new policy did not outline the manner in which the back belt policy was to be enforced or the range of discipline to be imposed in the event of non-compliance with the policy.

On August 15, 1992, Coffey addressed with Shop 'N Save his concerns arising from the newly implemented back belt policy citing the aggravation of a pre-existing back injury. After examining Coffey in response to his complaint, Dr. Noguera concluded that he was not wearing the brace as intended and suggested that he be allowed to return to work not wearing the back belt for one week. On August 25, 1992, Dr. Noguera re-examined Coffey and determined he was medically capable of wearing the back belt at work. Jenny Sullins, claims administrator for Shop 'N Save, contacted Coffey on August 26, 1992 and informed him that he was to return to work wearing the back belt.

Thereafter United Food officers contacted Sullins and requested that Coffey be afforded a second medical opinion.[1] After examining him on September 3, 1992, Dr. Rosenbaum determined in writing that Coffey was capable of wearing the back belt at work. Due to his refusal to abide by the agreement and

follow the determination of Dr. Rosenbaum, Shop 'N Save terminated Coffey for insubordination.

On September 4, 1992, United Food filed a grievance on behalf of Coffey alleging his wrongful discharge in violation of Article 5 of the collective bargaining agreement in effect at that time. Article 5 of the collective bargaining agreement in relevant part provides: "The management of the business and the direction of the working forces, including the right to ... suspend or discharge for proper cause ..., shall be vested in the Employer."

United Food thereafter demanded that Shop 'N Save submit to arbitration the grievance of Coffey pursuant to Article 6 of the collective bargaining agreement. The parties selected Thomas Erbs to preside over the hearing on March 17, 1993 and decide the matter of the grievance. On June 7, 1993, Arbitrator Erbs issued his award by rejecting the parties' agreement and sustaining the grievance of Coffey. Based on the evidence presented before him, the arbitrator found in his award:

> On August 27, 1992, the Union President talked with the Human Resource Manager and asked if another medical opinion could be secured. Company evidence indicated that the Union agreed to accept the results of the examination by the third physician. The Company arranged for the Grievant to be examined by Dr. Rosenbaum, a clinical neurologist. Dr. Rosenbaum found no evidence of medical disorder nor any reason why the Grievant could not wear the belt....

> Yet if a settlement did take place, then it follows there would be some action to enforce the settlement rather than a submission asking the Arbitrator to decide whether the Grievant either voluntarily quit or was discharged for cause. In the absence of such a submission, the Arbitrator believes it more appropriate to base his holding on the limited power he derives from the bargaining agreement rather than to assume he can both adjudicate and enforce

1. The Court notes that in support of its position United Food attached a letter from Dr. Cohen, a physician selected and paid for by Coffey, advising Coffey that continued wearing of the back belt would aggravate his back problems.

an undertaking to which he was not a party and which is outside the grievance procedure.

During the arbitration hearing, United Food never denied that the parties had reached an agreement to resolve the disputed matter and never offered any testimony to contradict the testimony of Shop 'N Save.

Pursuant to the Labor Management Relations Act, 29 U.S.C. § 181 et seq., Shop 'N Save challenges the June 7, 1993, arbitration award directing Shop 'N Save to reinstate Coffey to his former position with full back pay and no loss of seniority or benefits. To date Shop 'N Save has refused to comply with the arbitrator's decision and filed its complaint to vacate the award before this Court. Shop 'N Save contends that the arbitrator ignored the parties' oral settlement agreement wherein the parties agreed that if cleared to work wearing a back belt by Dr. Rosenbaum, Coffey would be required to work with a back belt. The parties filed cross motions for summary judgment.

■ Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *First Sec. Sav. v. Kansas Bankers Sur. Co.*, 849 F.2d 345, 349 (8th Cir.1988). In passing on a motion for summary judgment, a court is required to view the facts and inferences that reasonably may be derived therefrom in the light most favorable to the non-moving party. *Holloway v. Lockhart*, 813 F.2d 874, 878 (8th Cir.1987). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. *Foster v. Johns–Manville Sales Corp.*, 787 F.2d 390, 392 (8th Cir.1986). As the Supreme Court has stated:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

■ The scope of judicial review of arbitration awards under collective bargaining agreements is highly deferential and extremely limited:

> The courts are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on error of fact or on misinterpretation of the contract.... As long as the arbitrator's award "draws its essence from the collective bargaining agreement," and is not merely "his own brand of industrial justice," the award is legitimate.

*United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36, 108 S.Ct. 364, 370, 98 L.Ed.2d 286 (1987), (quoting *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960)). It is not within the province of the courts to review the merits of a particular award. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. at 596, 80 S.Ct. at 1360. Rather, the Court must determine whether the arbitrator's award in this case "draws its essence from the collective bargaining agreement." *Id.* at 597, 80 S.Ct. at 1361. The arbitrator's role is to interpret and apply the parties' agreement. *Id.* If the arbitrator construes or applies the contract, and acts within the scope of his authority, his decision may not be overturned. Moreover, the arbitrator has the discretion to resolve any ambiguities in the contract. *Manhattan Coffee Co. v. International Brotherhood of Teamsters, Local No. 688*, 743 F.2d 621, 623 (8th Cir.1984), *cert. denied*, 471 U.S. 1100, 105 S.Ct. 2323, 85 L.Ed.2d 842 (1985). The arbitrator's resolution of ambiguous contract provisions will be enforced provided that they draw their essence from the contract. *Id.*; *International Bhd. of Elec. Workers, Local Union 53 v. Sho–Me Power Corp.*, 715 F.2d 1322 (8th Cir.1983), *cert. denied*, 465 U.S. 1023, 104 S.Ct. 1277, 79 L.Ed.2d 682 (1984).

■ "In determining whether an arbitrator has exceeded his authority, the agreement must be broadly construed with all

doubts being resolved in favor of the arbitrator's authority." *Lackawanna Leather Co. v. United Food & Commercial Workers Int'l Union, AFL–CIO & CLC*, 706 F.2d 228, 230–31 (8th Cir.1983) (en banc); *see also, International Bhd. of Elec. Workers, Local 53 v. Sho–Me Power Corp.*, 715 F.2d at 1324–25 & fns. 1 & 2. Nevertheless, "an arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice." *Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. at 597, 80 S.Ct. at 1361.

The arbitrator in this case disregarded the oral settlement agreement even though such agreements are binding in arbitration. *Coca–Cola Bottling v. Teamsters Local 688*, 959 F.2d 1438 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 635, 121 L.Ed.2d 566 (1992); *International Union, United Mine Workers v. Big Horn Coal Co.*, 916 F.2d 1499, 1502 (10th Cir.1990). If an arbitrator in reaching his award ignores or disregards a last chance agreement, his award must be vacated. *Coca–Cola Bottling v. Teamsters Local 688*, 959 F.2d at 1442. To be enforceable, a last chance agreement must be "sufficiently specific as to be capable of implementation. Courts will not enforce a settlement agreement that is vague, ambiguous, incomplete or unclear in its meaning and effect." *United Mine Workers v. Barnes & Tucker Co.*, 561 F.2d 1093, 1097 (3d Cir. 1977).

The arbitrator disregarded the oral agreement of the parties even though Coffey acknowledged its existence in his testimony during the hearing. Furthermore, the arbitrator acknowledged its existence by finding in his award that United Food agreed to accept the results of the examination of Dr. Rosenbaum. After the initial examination by Dr. Noguera, Sullins informed Coffey that Shop 'N Save expected Coffey to return to work wearing the back belt. United Food's president requested that Coffey be afforded a second medical opinion and agreed that this opinion would resolve the matter. The parties agreed to abide by Dr. Rosenbaum's diagnosis with respect to the issue of whether Coffey could wear a back belt as mandated by the work rule despite his alleged medical hardship. Shop N' Save's scheduling of the appointment with Dr. Rosenbaum and Coffey's attendance at the appointment evidence the performance of the oral agreement between the parties. Subsequently, Coffey breached the agreement by refusing to work with the back belt and Shop N' Save terminated him for insubordination.

Upon review of the record, the Court finds the parties entered into an oral agreement to resolve the matter. In constructing his award, the arbitrator not only acknowledged its existence, he acknowledged the conduct in violation of the agreement, but he failed to abide by the terms. The parties through their authorized agents continued the collective bargaining process by entering into an express agreement that Coffey's ability to work while wearing the back belt would be resolved by the medical diagnosis of Dr. Rosenbaum. Accordingly, the Court concludes that here the arbitrator acted outside his authority in interpreting the collective bargaining agreement and that his award failed to draw its essence from the collective bargaining agreement by disregarding the oral agreement between the parties.

### ORDER AND JUDGMENT

Pursuant to the memorandum filed on this date and incorporated herein,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that plaintiff Shop N' Save Warehouse Foods, Inc.'s cross motion for summary judgment shall be and it is granted in plaintiff's action to set aside the arbitrator's award and in defendant's counterclaim to uphold the award.

**IT IS FURTHER ORDERED** that defendant United Food and Commercial Workers, AFL–CIO–CLC, Local No. 88's motion for summary judgment shall be and it is denied.

**IT IS FURTHER ORDERED** that defendant's motion to strike second affirmative defense of plaintiff shall be and it is denied as moot.

**IT IS FURTHER ORDERED** that plaintiff's request for oral argument shall be and it is denied as moot.