BEAM, Circuit Judge.
Reyco Granning LLC (“Reyco”) appeals the district court’s adverse grant of summary judgment in favor of International Brotherhood of Teamsters, Local Union No. 245 (“Local 245”) and the district court’s denial of its motion for summary judgment and request to vacate the arbitrator’s award. Reyco and Local 245 are parties to a collective bargaining agreement (“CBA”). At issue here is the policy in Article XII, section 3 of the CBA: “To be eligible for holiday pay, an employee ... must have worked a minimum of eight (8) hours on the last regularly scheduled workday of the Company prior to the holiday. ... Exception may be made if an employee is. tardy arriving to work less than sixty (60) minutes.... ” The CBA also provides that grievances may be taken to arbitration. Pursuant to the CBA, the arbitrator “shall have no authority to substitute his discretion for the Company’s discretion in cases where the Company is given discretion by any provision of this Agreement, including the form of discipline imposed against an employee.”
Local 245 member Tiffini DePalma filed a grievance under the CBA after being denied holiday pay because she arrived forty-five minutes late on December 22, 2011, due to a flat tire on her automobile. Reyco denied DePalma’s holiday pay under the exception because, in its view, De-Palma’s attendance record did not justify granting the exception. The grievance was submitted to arbitration. The arbitrator concluded the word “may” gave Reyco some discretion in granting the exception for tardiness prior to holiday pay, but the arbitrator concluded that, based on the parties’-negotiation history, Reyco’s discretion was not unlimited because the parties intended for the exception to apply to “vehicle mechanical trouble, oversleeping, or car wrecks.”' Thus, the arbitrator directed that DePalma be paid holiday pay under the exception. Reyco appealed the arbitrator’s decision and both parties motioned for summary judgment. The district court, recognizing its limited review, upheld the arbitrator’s decision, granted summary judgment in favor of Local 245 and denied Reyco’s motion for summary judgment.
We review both the grant of summary judgment and the court’s legal conclusions in its denial of a motion to vacate an arbitration award de novo. Trailmobile Trailer, LLC v. Int’l Union of Elec. Workers, 223 F.3d 744, 746 (8th Cir. *1020 2000). When deciding whether to vacate an arbitral award, we must accord “an extraordinary level of deference” to the underlying award itself. Boise Cascade Corp. v. Paper Allied-Indus., Chem. & Energy Workers, 309 F.3d 1075, 1080 (8th Cir.2002) (quotation omitted). As the district court noted, we are not authorized to consider the merits of the award, even if the parties allege that the award rests on errors of fact or a misinterpretation of the contract; in fact, we must uphold the award even if we are convinced that the arbitrator committed a serious error, so long as the arbitrator is construing or applying the contract and acting within the scope of the arbitrator’s authority. Id. If the award “is derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties’ intention,” it draws its essence from the agreement, and we will not disturb it on appeal. Id. (quotation omitted). However, an arbitrator’s discretion is not completely unfettered. Id. An arbitrator’s award may be reversed if it “fails to draw its essence from the agreement” or “manifests disregard for the law. where the arbitrators clearly identify the applicable, governing law and then proceed to ignore it.” Id. (quotation omitted). Further, we will vacate awards “if the arbitrator ignored or disregarded the plain language of an unambiguous contract or nullified a provision of the contract.” The Star Tribune Co. v. Minn. Newspaper Guild Typographical Union, 450 F.3d 345, 348 (8th Cir.2006); see also Boise Cascade Corp., 309 F.3d at 1082 (“[W]e have vacated awards where the arbitrator ignored or went beyond the plain text of the parties’ agreement, and that text was unambiguous.”).
Here, the arbitrator recognized that the “crux of the issue in the case is whether the use of the word may in [Article XII, section 3] is discretionary or mandatory.” Then, the arbitrator recognized the “accompanying question,” was “whether the negotiating history should be taken into consideration.” The arbitrator concluded the word “may” indicated the company held “some discretion” and that the language of the contract did not make granting the exception mandatory. Yet, without making any determination as to the ambiguity of the relevant contract terms, the arbitrator went on to look at the history of the negotiation along with the testimony of the Local 245 and Reyco representatives- and determined that the parties intended to allow the exception for “vehicle mechanical trouble, oversleeping, or car wrecks.”
We, however, discern no ambiguity in the contract language at issue. The term “may” is unambiguous, providing Reyco with discretion in granting the holiday pay exception in Article XII, section 3 of the CBA. When dealing with an unambiguous term, “where the plain text of the agreement is unmistakably clear, it is presumed to evince the parties’ intent, and the arbitrator normally need look no further, but must give effect to the parties’ agreement.” Boise Cascade Corp., 309 F.3d at 1082. The arbitrator here exceeded his authority by considering Reyco and Local 245 employee testimony regarding the discussions that took place during the CBA negotiations. Under the arbitrator’s interpretation of the provision at issue, Reyco has discretion in granting the exception, except for the instances where the employee is late due to “vehicle mechanical trouble, oversleeping, or car wrecks,” the examples given during negotiations. In those circumstances, under the arbitrator’s decision, Reyco does not have discretion, rewriting the CBA to read “must” instead of “may.” The arbitrator here was “not construing an ambiguous contract term, but rather was imposing a new obligation” upon Reyco. Keebler Co. v. Milk Drivers & Dairy Emps. Union, 80 F.3d 284, 288 (8th Cir.1996). Thus, the arbitrator’s interpretation alters the plain language of *1021 the contract as written. Inter-City Gas Corp. v. Boise Cascade Corp., 845 F.2d 184, 187 (8th Cir.1988) (noting “the arbitrator may not disregard or modify unambiguous contract provisions ..: -if the. arbitrator interprets unambiguous language in any way different from its plain meaning, [the arbitrator] amends or alters the agreement and acts without authority.” (second alteration in original and internal quotation omitted)); Mo. River Servs., Inc. v. Omaha Tribe of Neb., 267 F.3d 848, 855 (8th Cir.2001) (an arbitrator may not disregard or modify an unambiguous contract provision). Moreover, the parties specifically provided, within the CBA, that the arbitrator could not substitute his discretion for Reyco’s where the CBA gives Rey-co the power to exercise discretion. See Manhattan Coffee Co. v. Int’l Bhd. of Teamsters, 743 F.2d 621, 623 (8th Cir.1984) (“[The arbitrator] cannot substitute his discretion for that of the parties”).
This case differs from our recent Alcan Packaging Co. v. Graphic Communication Conference, International Brotherhood of Teamsters case, where the arbitrator did not ignore the plain language of the contract, but was construing the relevant provision. 729 F.3d 839, 843 (8th Cir.2013). Rather, this case is similar to those distinguished in Alcan because the arbitrator relied “heavily on parol evidence of the parties’ bargaining history rather than the unambiguous terms of the agreement itself.” Id. at 842-43 (citing Excel Corp. v. United Food & Commercial Workers Int’l Union, 102 F.3d 1464, 1468 (8th Cir.1996)) and (citing Dist. No. 72 & Local Lodge 1127 v. Teter Tool & Die, 630 F.Supp. 732, 736 (N.D.Ind.1986), as “vacating arbitrator’s award where arbitrator disregarded contract language and based decision solely upon testimony pertaining to the parties intent at the time of the contracting, such that the award drew its essence not from the agreement, but rather from the. negotiations” (internal quotations omitted)). The arbitrator here similarly exceeded his authority.
Accordingly, we vacate the district court’s order and opinion granting summary judgment in favor of Local 245 and confirming the arbitration award, and direct the court to grant Reyco’s motion for summary judgment, vacating the arbitrator’s award.