**NORTHWEST AIRLINES, INC., Appellee,**

v.

**INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AIR TRANSPORT DISTRICT LODGE # 143, Appellant.**

No. 89–5026.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1989.

Decided Jan. 29, 1990.

Martha Walfoort, Washington, D.C., for appellant.

R. Scott Davies, Minneapolis, Minn., for appellee.

Before FAGG and BEAM, Circuit Judges, and HENLEY, Senior Circuit Judge.

HENLEY, Senior Circuit Judge.

International Association of Machinists and Aerospace Workers, Air Transport District Lodge # 143 (IAM) appeals from a judgment of the district court[1] vacating an arbitration award. We affirm.

In 1978 Northwest Airlines, Inc. (Northwest) discharged Michael Nelson, an equipment service operator, for insubordination. The dispute was submitted to the System Board of Adjustment (Board) for arbitration. The Board ordered that Northwest reinstate Nelson. Thereafter, Nelson informed Northwest that he no longer had a valid driver's license, which was required for his job, and would not be eligible for a license until September 19, 1986. Northwest refused to reinstate him. On September 6, 1984, the parties entered into a settlement agreement, which stated in relevant part:

> Provided Mr. Nelson has obtained a valid New Jersey state driver's license as of November 1, 1986, he will be offered reinstatement as an equipment service employee of Newark on that date. If Mr. Nelson has not obtained a valid New Jersey state driver's license by November 1, 1986, the IAM and Mr. Nelson agree that he will be deemed to have

---

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

voluntarily resigned from employment with Northwest Airlines effective on that date and his records will be adjusted to reflect the same.

On October 31, 1986, Northwest refused Nelson's request for an extension of time in which to obtain a driver's license. The IAM filed a grievance, and submitted the grievance to the Board.

On June 6, 1987, the parties appeared before the Board. Northwest moved to dismiss the proceeding, arguing the dispute was not arbitrable because under the terms of the settlement agreement Nelson had voluntarily resigned. IAM responded that the Board had jurisdiction because Nelson was terminated. Paragraph 14(D) of the parties' collective bargaining agreement provided that the Board had jurisdiction over disputes concerning discharge grievances. Paragraph 14(E) of the agreement, however, provided that the Board did not have jurisdiction over disputes that had been previously settled.

On July 14, 1987, the Board denied Northwest's motion to dismiss on the ground that the settlement agreement arose out of an arbitration award reinstating Nelson and that the award dealt with discharge under the "just cause" provision of the collective bargaining agreement. As to the merits, the Board, in a 2–1 decision, found that Nelson had not violated "the intent and purpose of the settlement in any material sense" and ordered Northwest to reinstate Nelson. The Board acknowledged that it remained "committed to the general rule of interpretation which holds that where no ambiguity can be found on the face of a written agreement ... then its clear and plainly drawn terms must govern the outcome." The Board, however, found that "under the special facts of this case that other indicia of intent should be credited over the plainly drawn terms of the grievance settlement." The dissent believed that the Board exceeded its jurisdiction in disregarding the plain and unambiguous terms of the settlement agreement.

Northwest then filed this action in district court seeking to vacate the award. Northwest alleged, among other things, that the Board lacked jurisdiction under paragraph 14(E) of the collective bargaining agreement because the dispute had been previously settled. Northwest also alleged that the award should be vacated because it was contrary to the plain language of the settlement agreement. The district court granted Northwest's motion for summary judgment on the ground that the Board lacked jurisdiction to hear the dispute. The court rejected IAM's argument that Northwest had waived any objection to the Board's jurisdiction by its conduct at the arbitration hearing.

On appeal IAM renews its argument that by appearing at the hearing and submitting the arbitrability question to the Board for resolution Northwest empowered the Board to decide whether the dispute was arbitrable. IAM relies on *Franklin Elec. Co. v. UAW*, 886 F.2d 188 (8th Cir.1989), in which this court held that even though a party objected to an arbitrator's jurisdiction, the party waived the objection by proceeding to argue an arbitrability issue "without expressly reserving the issue for initial judicial resolution." *Id.* at 192.

Northwest responds that this court need not decide whether its conduct empowered the Board to decide the arbitrability issue or whether the issue was arbitrable. Rather, Northwest contends that the district court's decision vacating the award should be affirmed on the ground that the award did not draw its essence from the settlement agreement. We agree, *see Morfeld v. Kehm*, 803 F.2d 1452, 1453 (8th Cir.1986) (appellate court will affirm district court's judgment on any basis supported by record), and therefore do not address the issues of the Board's jurisdiction and arbitrability of the dispute.

Thus, "[t]he question before the court is whether the arbitrator made an award that draws its essence from the agreement." *George A. Hormel & Co. v. United Food & Commercial Workers, Local 9*, 879 F.2d 347, 349 (8th Cir.1989). "Insofar as [the award] draws its essence from the agreement of the parties, the award must be enforced." *Franklin Elec. Co.*, 886 F.2d at 192. "An award that exceeds the contractual authority of the arbitrator, how-

**1000**

ever, fails to 'draw its essence from the agreement and must be vacated, despite the usual deference given to arbitrator's awards.'" *Id.* (quoting *Centralab, Inc. v. Local No. 816, Int'l Union of Elec., Radio and Mach. Workers*, 827 F.2d 1210, 1217 (8th Cir.1987)).

"Although the arbitrator may interpret ambiguous language, the arbitrator may not disregard or modify unambiguous contract provisions." *Inter–City Gas Corp. v. Boise Cascade Corp.*, 845 F.2d 184, 187 (8th Cir.1988). "As the Supreme Court has stated . . ., '[t]he arbitrator may not ignore the plain language of the contract.'" *Id.* (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38, 108 S.Ct. 364, 371, 98 L.Ed.2d 286 (1987)). "More specifically, if the arbitrator 'interprets unambiguous language in any way different from its plain meaning, [the arbitrator] amends or alters the agreement and acts without authority.'" 845 F.2d at 187 (quoting *District No. 72 & Local Lodge 1127, Int'l Ass'n of Mach. & Aerospace Workers v. Teter Tool & Die, Inc.*, 630 F.Supp. 732, 736 (N.D.Ind.1986)).

In this case, as even the majority of the Board recognized, the settlement agreement was plain and unambiguous that if Nelson did not have a driver's license by November 1, 1986, he was deemed to have voluntarily resigned. Because the Board disregarded the plain language of the agreement, it acted without authority and the award must be vacated. *See, e.g., Inter–City Gas Corp. v. Boise Cascade Corp.*, 845 F.2d at 189 (vacating award where arbitrator "ignored plain language of the contract"); *Tootsie Roll Indus., Inc. v. Local Union No. 1, Bakery, Confectionary, and Tobacco Workers Int'l Union*, 832 F.2d 81, 83–84 (7th Cir.1987) (vacating award where arbitrator disregarded clear and unambiguous terms of letter agreement, even though terms were harsh and unreasonable).

Accordingly, the judgment of the district court is affirmed.