**FAIRVIEW SOUTHDALE HOSPITAL, Plaintiff–Appellant,**

v.

**MINNESOTA NURSES ASSOCIATION, Defendant–Appellee.**

**No. 91–1133.**

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1991.

Decided Aug. 22, 1991.

James Dawson, Minneapolis, Minn., for plaintiff-appellant.

Phillip Finkelstein, St. Paul, Minn., for defendant-appellee.

Before ARNOLD and WOLLMAN, Circuit Judges, and RONEY *, Senior Circuit Judge.

PER CURIAM:

This case presents the narrow question of whether the arbitrator in a labor dispute between Fairview Southdale Hospital and the Minnesota Nurses Association exceeded his authority by relying on past practice to conclude that free parking for nurses was an employee benefit which the Hospital could not unilaterally terminate without

* The HONORABLE PAUL H. RONEY, Senior Circuit Judge, United States Court of Appeals for

bargaining with the Association. The Hospital maintains that a provision in the collective bargaining agreement specifically limits employee benefits which cannot be unilaterally changed to those listed within the agreement itself, and that free parking was not listed. The district court upheld the arbitrator's decision. We affirm.

Since its inception in 1965 until the Fall of 1989, Fairview Southdale Hospital provided free parking to the registered nurses represented by the Association. In 1988, the Hospital began construction on a new parking garage to accommodate an expansion in hospital facilities. Due to the increased costs associated with this project, hospital administrators decided to pass some of the expenses on to the hospital employees. Under the plan advanced by the Hospital, employees would pay 12¢ per hour up to a maximum of $9.60 every two weeks. No issue concerning free parking for Association members was raised at any time during negotiation of the current 1989–1992 labor agreement. The Hospital's decision to discontinue free parking was not made until negotiations on that agreement were concluded. The Association objected to the proposal and after discussions between the parties failed to produce an agreement, filed a grievance.

The dispute was submitted to arbitration under the provisions of the collective bargaining agreement. The arbitrator concluded that while free parking was not a benefit protected by the agreement itself, it was part of the relationship between the parties which could not be unilaterally terminated outside the context of collective bargaining negotiations. The arbitrator rejected the Hospital's contention that the contract itself was the sole source of protected benefits and correspondingly that the use of past practices was a violation of the terms of the agreement. The district court on review concluded that the contract clause was ambiguous and that as a result the arbitrator had not contravened the agreement by holding that the past prac-

the Eleventh Circuit, sitting by designation.

tice was binding. The Hospital now appeals.

■■■■ On review of an arbitration award, our sole function is to determine if the arbitrator properly considered the contractual arrangement between the parties when making his decision. The only requirement is that the decision "draw[ ] its essence from the collective bargaining agreement." *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). Even if a court concludes that the arbitrator has incorrectly interpreted the agreement, it still must uphold such a decision.

> [T]he question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his.

*United Steelworkers*, 363 U.S. at 599, 80 S.Ct. at 1362; *see also United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38, 108 S.Ct. 364, 371, 98 L.Ed.2d 286 (1987) ("as long as the arbitrator is even arguably construing or applying the contract" the award should not be overturned even if "a court is convinced he committed serious error"). If an arbitrator, however, clearly violates one of the conditions or provisions of the contract, then courts should vacate the award. *Northwest Airlines v. Int'l Ass'n Machinists*, 894 F.2d 998 (8th Cir. 1990) (arbitration award that reinstated employee violated explicit provision permitting termination); *St. Louis Theatrical Co. v. St. Louis Theatrical Brotherhood*, 715 F.2d 405 (8th Cir.1983) (vacating decision to reinstate employee when collective bargaining agreement permitted termination); *Truck Drivers & Helpers Local 784 v. Ulry–Talbert Co.*, 330 F.2d 562 (8th Cir. 1964) (arbitrator improperly failed to enforce provision in agreement permitting termination for dishonesty).

■■■ An arbitrator is fully justified in looking to the past relationship of the parties in determining the proper scope of the collective bargaining agreement. "The labor arbitrator's source of law is not confined to the expressed provisions of the contract, as the industrial common law— the past practice of the industry and shop—is the collective bargaining agreement although not expressed in it." *United Steelworkers of Amer. v. Warrior Gulf Navigation Co.*, 363 U.S. 574, 581–82, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960); *see also Franklin Electric Co. v. Int'l Union*, 886 F.2d 188, 193 (8th Cir.1989). This Court has vacated an arbitration decision which failed to properly take into consideration the existing non-contractual relationship between the parties. *Trailways Line v. Trailways Inc. Joint Council*, 807 F.2d 1416, 1423 (8th Cir.1986).

■■■ The Hospital does not contest the finding that free parking was a benefit previously conferred upon the nurses. It argues that the collective bargaining agreement specifically limited the scope of protected benefits to those enumerated within the agreement itself. Since free parking was not listed, the decision by the arbitrator about that benefit contradicted the clear language of the agreement and did not "draw its essence" from the contract.

The portion of the agreement which is at the source of the conflict states:

*Article 32 Retention of Benefits*

Any nurse presently employed in the Hospital who at any time prior to the execution of the Contract *enjoyed greater benefits than the minimums set forth herein will not have such benefits reduced as long as he/she remains in the employ of the Hospital.* Upon his/her leaving the employ of the Hospital, his/her rights to continuance of such benefits will cease. Any nurse employed after the execution of this Contract will receive benefits to the extent set forth in this Agreement.

The arbitrator rejected the association's suggestion that this clause protected the nurses' free parking privileges. He concluded that Article 32 protected existing employees from a reduction only in those benefits which were mentioned in the

agreement, and because parking was not listed in the agreement, it was not included within this retention of benefits language.

The Hospital would claim victory on the basis of that decision of the arbitrator. Contrary to the Hospital's arguments, however, the arbitrator found that the agreement was not designed to limit the range of enforceable benefits to those listed in the agreement or to prevent reliance on the parties' past practices. Thus he based his decision on the essence of the agreement.

A fair reading of Article 32 indicates that its effect on benefits not listed in the agreement is not entirely clear. The clause does not state, for example, that "All other benefits not specifically listed may be unilaterally terminated by the employer." Nor does it say that "All benefits that are part of the historical relationship between the parties shall remain in full force and effect for the remainder of the contract even though they are not specifically mentioned in the agreement." Had either of these provisions been included it would have been much easier to determine the accuracy of the arbitrator's construction. The district court properly determined that the arbitrator did not violate the essence of the collective bargaining agreement by looking first to the agreement, and then beyond the agreement to past practices for resolution of an issue on which the agreement is ambiguous or silent.

Unlike the cases cited by the Hospital where courts have reversed an arbitrator's decision for deviating from the explicit language of the collective bargaining agreement, the language of the agreement in this case was not clear and thus the arbitrator's decision interpreting its scope is entitled to deference. *Enterprise Wheel*, 363 U.S. at 598–99, 80 S.Ct. at 1361–62. The arbitrator in this dispute was not simply enforcing his own views of appropriate management conduct but was attempting to discern the intent of the parties through reference not only to their agreement but to their past conduct as well. *See Misco*, 484 U.S. at 38, 108 S.Ct. at 371 ("as long as the arbitrator is reasonably construing or applying the contract," his decision should

be upheld, even if "a court is convinced he committed serious error...."). The agreement reasonably construed did not prohibit an examination of these past practices. The district court was correct in upholding the award of the arbitrator.

AFFIRMED.