999 F.2d 318
 In the Matter of the Arbitration Between: EXECUTIVE LIFE
INSURANCE COMPANY OF NEW YORK; Executive Life
Insurance Company of California, Appellants,
v.
ALEXANDER INSURANCE LIMITED, Appellee,
ALEXANDER INSURANCE LIMITED, Appellee,
v.
EXECUTIVE LIFE INSURANCE COMPANY OF NEW YORK; Executive
Life Insurance Company of California, Appellants.
 No. 92-2363NE.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 17, 1993.
Decided July 13, 1993.
 
 Lyman L. Larsen, Omaha, NE, argued (Raymond Walden, on the brief), for appellants.
 Michael H. Goldstein, New York City, argued (Lawrence S. Greengrass, New York City and Edward D. Hotz, Omaha, NE, on the brief), for appellee.
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 After a contract dispute arose between Alexander Insurance Limited (Alexander) and Executive Life Insurance Company of New York and Executive Life Insurance Company of California (Executive Life), the companies submitted the dispute to arbitration. An arbitration panel entered an award in Executive Life's favor. The district court vacated the arbitrator's award and Executive Life appeals. We reverse and remand.
 
 
 2
 Executive Life paid a one-time premium of $4.6 million to Alexander for reinsurance coverage under three contracts beginning at various times between 1981 and 1985 and ending in 1989 and 1990. After the companies prematurely terminated the contracts in 1986, Executive Life requested a refund of the prepaid premium Alexander had not yet earned. When Alexander refused, the companies submitted the dispute to arbitration. The contracts provide:
 
 
 3
 A dispute or difference between the parties with respect to the operation or interpretation of this Agreement on which an amicable understanding cannot be reached shall be decided by arbitration. The arbitrators are empowered to decide all questions or issues and shall be free to reach their decision from the standpoint of equity and customary practices of the insurance and reinsurance industry rather than from that strict law.
 
 
 4
 An arbitration panel of three insurance executives held a hearing and issued a written decision. The arbitrators noted the contracts lacked refund terms. In reaching their decision, the arbitrators stated they considered all matters presented in connection with the hearing and gave careful attention to the evidence and arguments of " 'customs and usages of the business of reinsurance.' " The arbitrators stated, however, that "the 'customary practices of the insurance and reinsurance industry' that do exist are not sufficiently specific to the issue here presented to dictate a result." Thus, the arbitrators sought "an equitable disposition [that] serious and determined negotiating efforts of the parties might have produced." To "give recognition to the equities in favor of each party," the arbitrators awarded Executive Life a refund of $333,000.
 
 
 5
 Alexander moved to vacate the arbitrators' award in district court and Executive Life moved to confirm the award. See 9 U.S.C. §§ 9, 10 (1988). The district court concluded the arbitrators exceeded their authority under the contracts because the contracts are silent on refunds and the customs and practices of the industry do not provide for refunds. The district court thus vacated the award. See id. § 10(d). "[W]e review de novo the district court's decision to vacate the award." John Morrell & Co. v. Local Union 304A of the United Food & Commercial Workers, 913 F.2d 544, 559 (8th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 1683, 114 L.Ed.2d 78 (1991).
 
 
 6
 Executive Life contends the district court committed error in concluding the arbitrators exceeded their authority in awarding a refund under the contracts. We agree. The courts' review of arbitration awards is extremely narrow. The courts' sole function is to decide whether the arbitrators' decision draws its essence from the contract. Fairview Southdale Hosp. v. Minnesota Nurses Ass'n, 943 F.2d 809, 811 (8th Cir.1991). " '[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of [the arbitrator's] authority, that a court is convinced [the arbitrator] committed serious error does not suffice to overturn [the arbitrator's] decision.' " Osceola County Rural Water Sys., Inc. v. Subsurfco, Inc., 914 F.2d 1072, 1075 (8th Cir.1990) (quoting United Paper Workers Int'l Union v. Misco, Inc., 484 U.S. 29, 38, 108 S.Ct. 364, 371, 98 L.Ed.2d 286 (1987)). In deciding whether an arbitrator has exceeded contractual authority, the contract "must be broadly construed with all doubts being resolved in favor of the arbitrator's authority." Lackawanna Leather Co. v. United Food & Commercial Workers Int'l Union, 706 F.2d 228, 230-31 (8th Cir.1983).
 
 
 7
 In this case, the contracts broadly empowered the arbitrators to use equity and customary industry practices to decide all questions and issues. Although the arbitrators concluded that the customary industry practices were not decisive, it is clear those practices were considered in their decision. We cannot say the arbitrators violated the essence of the contracts by first considering customary industry practices and then using equitable considerations in resolving a dispute on which the contract is silent. Fairview, 943 F.2d at 812. Thus, we conclude the district court improperly vacated the arbitrators' award. We reject Alexander's contention that the arbitrators acted in manifest disregard of the law because Alexander has not shown the arbitrators expressly disregarded known law. See Marshall v. Green Giant Co., 942 F.2d 539, 550 (8th Cir.1991).
 
 
 8
 Accordingly, we reverse and remand for reinstatement and confirmation of the arbitrators' award.