# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2915WA

_____

City of Texarkana, Arkansas,     *
                            *

           Appellant,     *

                            *    Appeal from the United States

     v.                    *    District Court for the Western

                            *    District of Arkansas.

Four Thirteen, Inc.; Aetna Casualty and  *

Surety Company,             *       [UNPUBLISHED]

                            *

           Appellees.     *

_____

Submitted:  February 10, 1999
Filed:  February 18, 1999

_____

Before BOWMAN, Chief Judge, and FAGG and HANSEN, Circuit Judges.

_____

PER CURIAM.

The City of Texarkana, Arkansas, (the city) contracted with Four Thirteen, Inc. (the contractor) to build a road.  The contractor's completed work did not meet the city's satisfaction, so the city refused to pay the contractor for additional materials used in the project and demanded the contractor rebuild the road.  The contractor admitted it did not build the road to the contract's specifications, but claimed the weather hindered work and the city took no steps to correct known problems with the roadbed's subgrade.  As ordered by the contract, the parties submitted the dispute to arbitration.  An arbitrator awarded each party damages and the contractor received a

net award of more than fifteen thousand dollars.  The city sued in an Arkansas state court, contesting the award.  The contractor and its surety, Aetna Casualty and Surety Co. (Aetna), removed the case to federal court and the district court granted the contractor's and Aetna's motion for summary judgment.  The city appeals, claiming the arbitrator exceeded his authority in rendering the award.

Our review of arbitration awards is extremely narrow.  See Executive Life Ins. Co. v. Alexander Ins. Ltd., 999 F.2d 318, 320 (8th Cir. 1993) (per curiam).  If the arbitrator is arguably construing or applying the contract within the scope of the arbitrator's authority, a court cannot overturn the arbitrator's decision even if the court is convinced the arbitrator committed serious error.  See id. at 320.  We can set aside the arbitration award only if the award fails to draw its essence from the contract.  See Osceola County Rural Water Sys., Inc. v. Subsurfco, Inc., 914 F.2d 1072, 1075 (8th Cir. 1990).  Having carefully reviewed the record, we are satisfied that the arbitrator did not exceed his authority in determining the award.  The arbitrator could grant relief in a manner he "deem[ed] just and equitable," and we cannot say the arbitrator's award is not drawn from the essence of the contract.  We conclude the district court correctly granted summary judgment for the reasons stated in its memorandum opinion, and we affirm without further discussion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.