SMITH, Circuit Judge,
dissenting.
■ I respectfully dissent from the majority’s vacatur of the district court’s order and opinion granting summary judgment in favor of Local 245 and confirming the arbitration award. “Because the arbitrator was at least arguably construing or applying the collective bargaining agreement, a federal court must defer to the arbitrator’s interpretation,” Alcan Packaging Co., 729 F.3d at 840; therefore, I would affirm the district court’s order and opinion confirming the arbitration award.
“Section 301 [of the Labor Management Relations Act, 29 U.S.C. § 185,] confers jurisdiction on federal courts over cases involving a breach of a collective bargaining agreement, id., and it authorizes federal courts to fashion the substantive law that governs such labor disputes.” Id. at 841 (citing Textile Workers Union of Am. v. Lincoln Mills of Ala., 353 U.S. 448, 456-57, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957)). Courts must “defer to the arbitrator’s interpretation,” “[e]xcept in limited circumstances.” Id. (citing United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987)).[1] As *1022 the majority acknowledges, when reviewing an arbitral award, “we must accord ‘an extraordinary level of deference’ to the underlying award itself.” Boise Cascade Corp., 309 F.3d at 1080 (quoting Keebler Co. v. Milk Drivers & Dairy Emps. Union, Local No. 471, 80 F.3d 284, 287 (8th Cir.1996)). “While this standard may seem harsh to parties who lose in arbitration, this standard is justified because it is exactly what the parties mutually agreed upon by electing arbitration over judicial resolution of their conflicts.” Electrolux Home Prods. v. United Auto. & Agr. Implement Workers of Am., 416 F.3d 848, 853 (8th Cir.2005) (citing Enter. Wheel & Car Corp., 363 U.S. at 599, 80 S.Ct. 1358 (“It is the arbitrator’s construction which was bargained for.”)).
Although “an arbitrator’s decision is not totally free from judicial review” and an arbitral award may be vacated “where it fails to draw its essence from the agreement,” we have explained that the “arbitrator’s award draws its essence from the parties’ agreement as long as it is derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties’ intention.” Boise Cascade Corp., 309 F.3d at 1080 (quotations, alteration, and citations omitted). Our disagreement with the arbitrator’s interpretation of the agreement is not a ground for vacatur of the award “unless that interpretation so directly contradicts the plain meaning of the parties’ agreement that it effectively rewrites it.” Id. at 1081 (citations omitted). “In limited circumstances, even unambiguous language may be trumped by other evidence of the parties’ intent if it is abundantly clear that the language does not reflect their intent.” Id. at 1082 n. 6 (citing Loveless v. E. Air Lines, Inc., 681 F.2d 1272, 1279-80 (11th Cir.1982)).
But “where the plain language of the parties’ agreement is silent or ambiguous with respect to a disputed issue, an arbitrator is obliged to consider other relevant sources of the parties’ intent.” Id. at 1082 (emphasis added) (citation omitted). As a result, “federal courts routinely confirm arbitral awards where the arbitrator has looked to outside sources for guidance in giving meaning to ambiguous language.” Id. at 1083 (citing Fairview Southdale Hosp. v. Minn. Nurses Ass'n, 943 F.2d 809, 812 (8th Cir.1991) (per curiam)). In reviewing outside sources, the arbitrator must restrict himself to those outside sources “within the parties’ contemplation at the time they drafted their agreement.” Id. at 1083-84 (citations omitted).
In this case, Article XII, section 3 of the CBA states: “To be eligible for holiday pay, an employee ... must have worked a minimum of eight (8) hours on the last regularly scheduled workday of the Company -prior to the holiday.... Exception may be made if an employee is tardy arriving to work less than sixty (60) minutes . -.. ” (Emphasis added.) The majority faults the arbitrator for not “making any determination as to the ambiguity of the relevant contract terms” before “looking] at the history of the negotiation *1023 along with the testimony of the Local 245 and Reyco representatives and deter-min[ing] that the parties intended to allow the exception for ‘vehicle mechanical trouble, oversleeping, or car wrecks.’ ” See Majority Opinion, supra.
To be sure, the arbitrator’s ambiguity finding was not expressly stated but it was nonetheless sufficiently present to aid in our review. Before the arbitrator, the parties disputed the meaning of the word “may.” Local 245 argued “that the collective bargaining agreement’s] state[ment] that the Company may grant an exception and pay holiday'pay if an employee is less than 60 minutes late means that it is mandatory that the Company pay the holiday pay.” (Emphasis added.) Reyco argued that “the word may [i]s discretionary and therefore, [it] is not required to grant an exception.” (Emphasis added.)
The parties’ disagreement over the meaning of “may” does not automatically render the term ambiguous. See, e.g., City of Jefferson City, Mo. v. Cingular Wireless, LLC, 531 F.3d 595, 611 (8th Cir.2008) (“The fact that Alltel can present an argument that the ordinance is susceptible to more than one interpretation does not mean that the ordinance is ambiguous.”). But the arbitrator could deem the term “may” ambiguous if the term is “reasonably susceptible to more than one interpretation so that reasonable persons may honestly disagree over the terms’ meaning.” Union Elec. Co. v. Consolidation Coal Co., 188 F.3d 998, 1002 (8th Cir.1999) (citations omitted). Here, the arbitrator must have concluded that the word “may” was ambiguous, as he identified “[t]he crux of the issue in this case [as] whether the use of the word may in the contract pertaining to the granting of an exception to the rule of working 8 hours on the schedule days prior to and succeeding the holiday is discretionary or mandatory.” (Emphases added.) In answering this question, the arbitrator stated:
It is the view of the Arbitrator that the word may indicates that the Company has some discretion in the granting of an exception for tardiness on the days before and after the holiday in reaching a decision on the denial of holiday pay. Nothing in the new language of the contract makes granting an exception mandatory in the event that an employee is tardy less than 60 minutes on the days before and after the holiday.
On this record, I conclude that the arbitrator could discern an ambiguity in the contract language at issue. In my opinion, “it is not so clear that the arbitrator’s decision is contrary to the plain language of the contract.” Alcan Packaging Co., 729 F.3d at 842. The majority concludes that “[t]he term ‘may’ is unambiguous.” See Majority Opinion, supra. “Certainly, as a general rule of statutory construction, ‘may’ is permissive, whereas ‘shall’ is mandatory.” LeMay v. U.S. Postal Serv., 450 F.3d 797, 799 (8th Cir.2006) (citations omitted). However, “this general rule does not close the inquiry” in the present case. Id.; cf. John T. v. Marion Indep. Sch. Dist., 173 F.3d 684 (8th Cir.1999) (explaining that although Iowa courts “generally un-derst[a]nd” “may” to mean “permissive” or “discretionary action,” applying such definition to the statute at issue “would eviscerate the section’s overarching mandate”). Thus, “while ‘may’ suggests discretion, it does not necessarily suggest unlimited discretion. In that respect the word ‘may’ is ambiguous.” Zadvydas v. Davis, 533 U.S. 678, 697, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). This is exactly what the arbitrator in the present case determined when he stated “that the word may indicates that the Company has some discretion in the granting of an exception for tardiness on the days before and after the holiday in *1024 reaching a decision on the denial of holiday pay.” (Emphasis added.)
Because the arbitrator could have concluded that “may” is an ambiguous term, he was thus justified in “look[ing] to outside sources for guidance in giving meaning to ambiguous language.” Boise Cascade Corp., 309 F.3d at 1083 (citations omitted). Here, the arbitrator noted that an “accompanying question [was] whether the negotiating history should be taken into consideration in the instant case of the firm’s denial of holiday pay to Tiffani De-Palma.” The arbitrator then concluded that “the history of negotiations must be taken into consideration” and that testimony from both parties “indicated that exceptions would be granted for vehicle mechanical trouble, oversleeping, or car wrecks. In view of this, certain limits to Company discretion were expressed in the negotiations.”
In summary,
[t]his is not a situation in which the arbitrator ignored the plain language of the contract, such as by applying the wrong agreement, see Coca-Cola Bottling Co. of St. Louis v. Teamsters Local Union No. 688, 959 F.2d 1438, 1440-41 (8th Cir.1992), or by relying heavily on parol evidence of the parties’ bargaining history rather than the unambiguous terms of the agreement itself. See Excel Corp. v. United Food & Commercial Workers Int’l Union, Local 131, 102 F.3d 1464, 1468 (8th Cir.1996). Nor is this appeal comparable to Inter-City Gas Corp. v. Boise Cascade Corp., 845 F.2d 184 (8th Cir.1988), where there was no indication that the arbitrator arguably construed or applied the contract when he “disregarded” and “ignored” its plain language. Id. at 188, 189; see Kanuth v. Prescott, Ball & Turben, Inc., 949 F.2d 1175, 1181 (D.C.Cir.1991) (eschewing a “broad” reading of Inter-City Gas); Dist. No. 72 & Local Lodge 1127 v. Teter Tool & Die, 630 F.Supp. 732, 736 (N.D.Ind.1986) (cited in Inter-City Gas, 845 F.2d at 187-88) (vacating arbitrator’s award where arbitrator “disregarded” contract language and based decision “solely upon testimony pertaining to the parties’ intent at the time of the contracting,” such that the award drew its essence “not from the agreement, but rather from the negotiations”).
Alcan Packaging Co., 729 F.3d at 842-43 (holding that because arbitrator was at least arguably construing or applying the CBA, the federal court had to defer to the arbitrator’s interpretation that the former operator of packaging plants “completely and permanently” closed the plants by selling them and that the employees were terminated as a result of the closures, entitling them to severance pay under the CBA’s appendix).
Instead, I conclude that “the arbitrator at least arguably construed the relevant provision of the contract.” Id. at 843. A fair reading of the arbitrator’s decision is that he first determined that “may” is an ambiguous term. Although the majority may disagree with the arbitrator’s construction of that term, this is not a sufficient basis on which to vacate the arbitral award. “Erroneous textual analysis, like ‘improvident, even silly, factfinding,’ [Misco, 484 U.S.] at 39, 108 S.Ct. 364, does not justify disregarding the decision of the arbitrator agreed upon by the parties to resolve their dispute over [holiday] pay.” Id. The parties bargained for the arbitrator’s construction of the agreement; as a result, “ ‘so far as the arbitrator’s decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his.’ ” Id. (quoting Enter. Wheel & Car Corp., 363 U.S. at 599, 80 S.Ct. 1358). Only after answering “whether the use of the word may in the contract *1025 pertaining to the granting of an exception to the rule of working 8 hours on the scheduled days prior to and succeeding the holiday is discretionary or mandatory” did the arbitrator then review the parties’ negotiating history and determine that testimony from both parties “indicated that exceptions would be granted for vehicle mechanical trouble, oversleeping, or car wrecks.”
Accordingly, I would affirm the judgment of the district court.

. "As long as the arbitrator’s award 'draws its essence from the collective bargaining agreement,' and is not-merely.'his own brand of industrial justice,' the award is legitimate.” Misco, 484 U.S. at 36, 108 S.Ct. 364 (quoting United Steelworkers of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 4 *1022 L.Ed.2d 1424 (1960)). "Indeed, we must confirm the award even if we are convinced that the arbitrator committed serious error, so long as the arbitrator is even arguably construing or applying the contract and • acting within the scope of his authority." Boise Cascade Corp., 309 F.3d at 1080 (emphasis added) (quotation and citations omitted). "We refuse to enforce arbitration awards only where the awards do not draw their essence from fhe parties’ underlying agreements, and 'in determining whether an arbitrator has exceeded his authority, the agreement must be broadly construed with all doubts resolved in favor of the arbitrator's award.’ ” Int’l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp., 380 F.3d 1084, 1100 (8th Cir.2004) (emphasis added) (quoting Walsh v. Union Pac. R.R. Co., 803 F.2d 412, 414 (8th Cir.1986)).